### In re HOWARD.

#### (District Court, N. D. California. June 14, 1904.)

#### No. 2,843.

1. BANKRUPTCY—POWER OF COURT—DIRECTION OF TRUSTEE.

A trustee in bankruptcy is an officer of the court, and as such is subject to its direction by order made in summary proceedings in all matters concerning money or property which may have come into his possession by virtue of his office.

2. SAME—LIABILITY OF TRUSTEE—RESTORATION OF FUND ERRONEOUSLY PAID HIS ATTORNEY.

A trustee in bankruptcy, who as plaintiff in a suit in another jurisdiction has been required by the final decree of the court to make restitution of a fund which had been paid over to his attorney under a prior decree in the cause, which was reversed, cannot avoid compliance with such decree on the ground that his attorney retained a portion of the fund in payment of his fees and disbursements, and refuses to surrender the same; that being a matter with which the defendant in the suit who has been adjudged the true owner of the fund has no concern, and the receipt of the money by his attorney being in law its receipt by the trustee.

3. SAME—ENFORCEMENT OF JUDGMENT FOR COSTS—POWER OF COURT.

A court of bankruptcy cannot, by a summary order, require a trustee to pay a judgment for costs rendered against him in another jurisdiction, where there are no funds of the estate in his hands.

In Bankruptcy. On petition for order against trustee.

W. B. Hardy, for petitioner.

Joseph R. Patton and William A. Coulter, for trustee.

DE HAVEN, District Judge. This is an application for an order directing Charles B. Bills, trustee of the estate of Edward B. Howard, bankrupt, to pay the petitioner the sum of $6,492.37, with interest thereon from August 29, 1902, at the rate of 3 per cent. per annum, and the further sum of $681.30 costs awarded against the trustee by the United States Circuit Court for the Eastern District of New York in an action brought by the trustee against the petitioner

under an order made by the referee in bankruptcy. In the action referred to, it was originally adjudged by the Circuit Court that a certain fund amounting to $6,502.22, with interest at the rate of 3 per cent. per annum from December 7, 1901, then on deposit with the Washington Trust Company, belonged to the estate of Edward B. Howard, bankrupt, and the Washington Trust Company was directed to pay to Bills, or his attorney, Philo P. Safford, said sum upon the presentation of a certified copy of the decree. This decree was subsequently reversed by the Circuit Court of Appeals, with costs taxed in the sum of $454.68 (127 Fed. 103); and the Circuit Court, in compliance with the mandate of the Circuit Court of Appeals, entered its judgment to the effect that the said fund of $6,502.22, with interest, was the property of this petitioner, and the Washington Trust Company was directed to pay the same to him. Thereafter the Circuit Court entered a supplemental decree, which, after reciting that it was made to appear that on the 29th day of August, 1902, the Washington Trust Company had paid $6,492.37 to Philo P. Safford, as attorney for Charles B. Bills, in accordance with the original decree entered in the Circuit Court, directed "that complainant, Charles B. Bills, trustee, forthwith make restitution to defendant, Louis C. Schliep, of the said sum of six thousand four hundred and ninety-two dollars and thirty-seven cents ($6,492.37), with interest thereon from the 29th day of August, 1902, at the rate of three per cent. per annum, and that said defendant do have execution therefor." The trustee, in his answer filed in this proceeding, admits that his attorney, Safford, in the action referred to, received from the Washington Trust Company the sum of $6,492.37 under and by virtue of the decree of the Circuit Court, which was subsequently reversed as above stated, and in this connection alleges that Safford, without authority from him, and without his knowledge, approval, or consent, "and with full knowledge that said funds were and had been decreed to be funds belonging to the estate of said Edward B. Howard, a bankrupt, and not to said trustee personally, unlawfully took and appropriated therefrom to his own use the sum of $1,218.11, claiming the sum of $1,075 as payment on account of legal services by the said Safford rendered in said action, and the sum of $143.11 for disbursements by the said Safford in said action, and that the remainder of said sum, to wit, $5,274.26, so paid to said Safford by the said Washington Trust Company was by said Safford transmitted to said trustee"; that he repudiated the action of Safford in appropriating any portion of the sum so paid by the said Washington Trust Company to him in payment of attorney's fees for services rendered by said Safford to the trustee in said action, "and demanded that said Safford forthwith transmit the said sum retained by him out of said payment, in order that the whole fund so received under said decree might be preserved intact until the final termination of said action, but said Safford then and there refused, and has always refused, to transmit to said trustee the amount so retained by him." The answer further alleges that upon receipt of said sum of $5,274.26 the trustee caused the same to be deposited in the Bank of San Jose, the proper depository of such

fund, and that the same has ever since remained and now remains on deposit in said bank, without interest; that no interest has been received by the trustee on account of such deposit, nor has any interest accrued thereon; and, further answering, the trustee alleges that there only remains in his hands as trustee of said estate, in addition to said sum of $5,274.26, the further sum of $182.14 in money, and that the estate has no other property, and that he "has always been willing, and is now willing, ready, and able, to pay to such person as may be determined by this court the said sum of $5,274.26."

1. That this court has jurisdiction in this summary proceeding to require the trustee to make restitution of all moneys received by him under the decree of the Circuit Court subsequently reversed by the decree of the Circuit Court of Appeals, I entertain no doubt. The trustee is an officer of the court, and as such is subject to its direction in all matters concerning money or property which may have come into his possession by virtue of his office. It is claimed, however, by the trustee, that he is only responsible for so much of the money as actually came into his hands under such reversed decree; that in the action referred to he was the representative of the estate of the bankrupt, and as such had a right to employ an attorney; that he was not guilty of any negligence in the matter of the employment of such attorney, and cannot, therefore, be made personally responsible for the wrongful act of the attorney in appropriating a part of the moneys received on said judgment in payment of the fee claimed by him. It may be conceded that such would be the rule if the question were presented upon the settlement of the trustee's account in the estate in bankruptcy, but, as between the trustee and this petitioner, a stranger, the trustee cannot be permitted to avoid compliance with the final decree of the United States Circuit Court directing him to make restitution of moneys received by him under the reversed decree by the plea that a portion of such money was unlawfully appropriated by his attorney in the action in which such decree was rendered. The money received by his attorney was, in judgment of law, received by the trustee, and must be restored by him to the petitioner.

2. The judgment of the Circuit Court, in so far as it relates to costs, can only be enforced by execution or by action. It cannot be enforced in this summary proceeding, as it is conceded that there are not now, and never have been, any funds in the hands of the trustee belonging to the petitioner or to the estate of the bankrupt with which to satisfy the same.

The motion that the trustee be directed to pay such costs is denied, without prejudice to the right of the petitioner to enforce judgment for the same by action or execution, as he may be advised. In all other respects the prayer of the petition is granted.