DONALD HONADLE, an Infant, by FRED HONADLE, His Guardian ad Litem, Appellant, v. VIRGIL STAFFORD, Respondent.

(Argued October 3, 1934; decided November 20, 1934.)

*Boyce H. Butterfield, Esmond D. Murphy* and *William J. Fredel* for appellant.

*Frank Gibbons* for respondent.

HUBBS, J. In this action to recover damages for negligent injuries, a Supreme Court justice made an order permitting a settlement of the action upon the payment of $900 by the defendant to the guardian *ad litem* of the infant plaintiff. The order provided that upon payment of such sum, the guardian *ad litem* was authorized to settle and discontinue the action. It also provided that the guardian *ad litem* was authorized to retain for the services of his attorney, Philip Leichtentritt, the sum of $300 and the balance of $600 to be held by him as general guardian of the infant plaintiff.

On the same day that the order was granted and before he was appointed general guardian, the guardian *ad litem* at the request of his attorney, signed, executed, acknowl-

edged and delivered to his attorney a general release. He also executed the papers necessary to secure his appointment as general guardian. All the papers were delivered to plaintiff's attorney upon the understanding that the order provided for the payment of $900 to the guardian of the infant plaintiff and that upon receipt of such sum, $300 should be paid to the attorney for the plaintiff.

Three days after the order permitting a settlement was granted, plaintiff's attorney presented to the attorneys for defendant a stipulation of settlement of the action, the order of settlement, a copy of a Surrogate's Court order appointing the guardian *ad litem* as the general guardian of the infant plaintiff, and his letters of guardianship.

The attorneys for defendant thereupon tendered to the attorney for plaintiff a draft for $1,875, issued by an insurance company, payable to Philip Leichtentritt, attorney for such infant. The draft represented the $900 to be paid to the infant plaintiff according to the order of settlement and certain other sums to be paid to others injured in the same action and represented by the same attorney.

Plaintiff's attorney stated that he would be unable to cash the draft and requested defendant's attorneys to procure the cash for him. Thereupon, plaintiff's attorney indorsed the draft and defendant's attorneys also indorsed it, delivered it to a bank and secured the cash thereon, and delivered the money to plaintiff's attorney who converted it to his own use. The Special Term denied the motion to compel the defendant to pay to the plaintiff the sum of $900 specified in the order of settlement, and that order has been affirmed by the Appellate Division by a divided court.

A guardian *ad litem* is an officer of the court, and his powers and duties are strictly limited by law. He can only act in accordance with the instructions of the court and within the law under which appointed.

The general rules of agency are not applicable to his conduct. Persons dealing with him are bound at their peril to ascertain the extent of his authority. Unauthorized payments made to him or unauthorized agreements entered into with him do not bind the infant whom he was appointed to represent. Infants are wards of the court and subject to its care.

An attorney representing an infant plaintiff has no greater authority to compromise the cause of action or discharge a judgment than the guardian *ad litem*. (*Greenburg* v. *N. Y. C. & H. R. R. R. Co.*, 210 N. Y. 505.) These principles firmly embedded in our law are salutary and should be strictly enforced. Applied to the facts in this case, they necessarily require the reversal of the order appealed from.

The plain wording of the order permitting a settlement required that the money paid in settlement should be paid to the guardian *ad litem*. The defendant was not authorized to pay it to the plaintiff's attorney or to any one other than the guardian *ad litem*. The wisdom of providing in the order that the money to be paid on settlement shall be paid to the guardian *ad litem* is well illustrated by what has happened in this case. This is by no means the first case where payments have been made to one other than a guardian *ad litem* with the result that the infant was defrauded of the amount paid.

All who have served as trial judges know that attorneys frequently present proposed orders permitting payment to be made to the guardian *ad litem* or to his attorney. Such orders should never be signed. Too much care cannot be exercised by trial judges to see that the infant wards of the court are protected as far as possible.

In the case at bar the attorneys for the defendant not only tendered to the attorney for the plaintiff a draft payable to his order, but on being informed that he could not get the cash on it, voluntarily assisted him in getting the money by indorsing the draft, collecting the money

on it and turning it over to him, thereby unintentionally assisting him in the violation of his duty and in the appropriation to his own use of the money which belonged to his infant client.

There can be no doubt that the attorneys for the defendant acted in good faith and that the decision which we feel bound to make will work a hardship on the defendant. That, however, is not the fault of the infant plaintiff.

The orders should be reversed, with costs in this court and in the Appellate Division, and the motion granted with ten dollars costs. The second question certified should be answered in the negative; the first question not answered.

POUND, Ch. J., CRANE, LEHMAN, O'BRIEN, CROUCH and LOUGHRAN, JJ., concur.

Ordered accordingly.