RAYMOND SNIDER, an Infant, by ROBERT SNIDER, His Guardian ad Litem, Plaintiff, *v.* HARRY RENNER, Defendant.

Supreme Court, Niagara County, April 29, 1935.

*David E. Jeffery*, for the plaintiff.

*Franchot, Runals, Cohen, Taylor & Rickert* [*Thomas G. Rickert* and *James W. Mallam* of counsel], for the defendant.

HINKLEY, J. Plaintiff obtained an order to show cause why defendant should not be compelled to comply with an order of settlement granted by this court in the above-entitled action. Plaintiff, an infant, by guardian *ad litem*, sued defendant in negligence. By permission of the court a compromise and settlement of the action was agreed upon. The court, on January 13, 1933, approving of the settlement ordered " that Robert Snider, as guardian *ad litem* of Raymond Snider, an infant, be and he hereby is authorized and empowered to settle and compromise the above entitled action and to discontinue the same and to execute and deliver to the defendant a general release on behalf of said infant plaintiff, by reason of the matters in the complaint in said action contained, upon the payment of the sum of $2,250.00, and that out of said sum he is authorized and empowered to retain as and for the services of his attorney, Phillip Leichtentritt, the sum of $562.50, and that the balance of $1687.50 be deposited by the guardian *ad litem* jointly in the name of the guardian *ad litem* and the Marine Trust Company in the Marine Trust Company Bank of Buffalo Branch, not to be withdrawn except upon the order of this court."

Although the order was loosely drawn, in that it does not exactly specify to whom the $2,250 was to be paid, it is definitely apparent from the whole paragraph that that sum was to be paid to the guardian *ad litem*, he to pay the attorney and he also to make the deposit of the balance for the benefit of the infant.

The facts concerning the settlement are undisputed. Subsequent to the granting of the order the defendant drew a draft for the sum of $2,250 payable to the " order of the guardian *ad litem* for Raymond Snider and Phillip Leichtentritt, attorney." The said Leichtentritt stated to the guardian *ad litem* that it would be necessary for the latter to indorse the draft, which would not be payable for thirty days or more. The said Leichtentritt then cashed the draft and

appropriated to his own use the entire proceeds of the same. The plaintiff contends that the defendant has never complied with the order of the court and asks that defendant be compelled to do so by paying to plaintiff the sum of $2,250 as provided in the order.

The case of *Honadle* v. *Stafford* (265 N. Y. 354) very clearly and sharply calls upon a defendant who seeks to compromise an infant's claim to comply *strictly* with the order of the court. This the defendant in this case did not do. The order of the court called for an actual payment to the guardian *ad litem* of the entire sum.

As in the *Honadle* v. *Stafford* case, the defendant, by drawing a joint draft " thereby unintentionally assisted [the attorney for the plaintiff] in the violation of his duty." The fact remains that the draft was not drawn to the credit of the guardian *ad litem* as required by the order. To determine this motion in favor of plaintiff does not extend but at most only emphasizes and applies those salutary principles of law for the protection of the wards of the court which are indicated in the opinion of Judge HUBBS in *Honadle* v. *Stafford* (*supra*). Almost the entire opinion in the latter case is applicable to this motion. Both are infant cases. The felonious misappropriation in both actions was by the same lawyer, Leichtentritt. The original orders of settlement in the two cases differed only in the amounts and the Honadle order directed the balance of the moneys to be paid to plaintiff as general guardian, while in the order herein the balance is to be paid to plaintiff's guardian *ad litem* jointly with the Marine Trust Company.

As between the infant on the one hand and the defendant on the other, each innocent of any fraud or larceny, it was the act of the defendant in not obeying the order of the court which made possible the theft by the attorney. The real plaintiff in this action and the moving party upon this motion is the infant and not the guardian *ad litem*. This controversy is not between the plaintiff and the guardian *ad litem*. The court is not required herein to contrast the conduct of the defendant in not strictly obeying the order of the court with that of the guardian *ad litem* in delivering the entire sum into the hands of his attorney in reliance upon the latter's honesty.

In the light of this decision, the court does not pass upon the alternative relief requested, viz., that the order be canceled and the general release given by the guardian *ad litem* vacated.

Motion to compel defendant to comply with the order of settlement granted, with ten dollars costs.