FRANK W. ANTOS and EMILE P. ANTOS, Copartners Doing Business under the Firm Name and Style of ANTOS BROTHERS, Respondents, v. JAMES G. SHAND, INC., Appellant.— Order striking out the amended answer and separate defenses contained therein as sham and insufficient in law and granting plaintiff judgment on the pleadings for the relief demanded in the complaint, and judgment entered on said order, in an action brought under section 44 of the Personal Property Law, unanimously affirmed, with ten dollars costs and disbursements. No opinion. Present — Lazansky, P. J., Carswell, Davis, Adel and Taylor, JJ.

SAMUEL BERLOWITZ, Administrator, etc., of SARAH BERLOWITZ, Appellant, v. BARNETT D. HOROWITZ, Respondent.— Order granting reargument and upon reargument adhering to the original decision reversed on the law, with ten dollars costs and disbursements, and plaintiff's motion granted to the extent that defendant is directed to pay plaintiff $3,500, with ten dollars costs. Appeal from order entered August 7, 1936, as resettled by order entered October 1, 1936, and appeal from the latter order, dismissed. The action was instituted by plaintiff as administrator to recover damages for wrongful death. The Surrogate's Court of Kings county made an order authorizing plaintiff to sign a release upon the receipt of $3,500. Subsequently defendant's attorney delivered to plaintiff's attorney a check for $3,500, issued by an insurance company, payable to plaintiff as administrator and Sidney Q. Cohen as attorney, and the latter delivered a general release executed by plaintiff together with a stipulation discontinuing the action. Cohen caused plaintiff's name to be indorsed on the check and appropriated the proceeds to his own use. Plaintiff moved to compel the defendant to pay to him the sum of $3,500 or, in the alternative, to permit him to withdraw, cancel or vacate the general release and stipulation of discontinuance. The learned Special Term denied the motion on the ground that defendant did everything on his part to comply with the order of compromise. This was error. While the defendant, by drawing the check to the order of the attorney as well as the administrator, did so in good faith, he unintentionally assisted the attorney to violate his duty in appropriating the money to his own use, and the responsibility must fall on defendant. (*Honadle* v. *Stafford*, 265 N. Y. 354.) The agreement of compromise made by the parties was subject to the approval of the court, and the court retained jurisdiction of the action until the order was complied with and the action discontinued. No order of discontinuance was entered. Therefore, the plaintiff is entitled to relief by motion in the action and is not compelled to resort to an independent action to enforce the agreement or stipulation of settlement. Lazansky, P. J., Carswell, Davis, Johnston and Adel, JJ., concur.