**F. P. NEWPORT, Appellant,**

v.

**Paul W. SAMPSELL, Trustee in Bankruptcy for the Estate of F. W. Newport Corporation, Ltd., et al., Bankrupt, Appellee.**

**No. 15044.**

United States Court of Appeals
Ninth Circuit.

June 5, 1956.

Rehearing Denied July 6, 1956.

Morris Lavine, Los Angeles, Cal., for appellant.

Bailie, Turner, Lake & Sprague, Richard A. Turner, Norman A. Bailie, Los Angeles, Cal., for appellee.

Before BONE, ORR and CHAMBERS, Circuit Judges.

CHAMBERS, Circuit Judge.

We have here a question of compensation for services (and some expenses) in the matter of the estate of the F. P. Newport Corporation, Ltd., which has been in bankruptcy for over twenty years.

Before the adjudication of bankruptcy and until the appointment of a trustee,

H. F. Metcalf was the receiver in bankruptcy. After a contest, Metcalf succeeded himself and became the trustee. The appointment for the latter office bears date of March 18, 1937. Eventually, Metcalf was succeeded as trustee in 1951 by Sampsell, appellee herein.

F. P. Newport, who in more prosperous days controlled the corporation bearing his name, apparently has been active in connection with the administration of the bankrupt estate since the inception of the bankruptcy proceedings. The activity seemingly has continued to a very recent date.

In November 1935, during the existence of the receivership, the district judge supervising the proceedings entered an order, the operative part of which reads as follows:

> "It is hereby ordered that H. F. Metcalf, Receiver, herein, be and he is hereby authorized to employ F. P. Newport to assist him in the handling of the properties of said estate and said Receiver is hereby authorized and directed to pay said F. P. Newport a salary of $250.00 per month commencing with the 1st day of November, 1935, until further order of this Court."

We shall allude later herein to the above as order No. 1.

On May 17, 1937, Metcalf, in his new capacity as Trustee, obtained an order (hereafter order No. 2) from the referee in bankruptcy in charge of the Newport Corporation's bankruptcy reading as follows:

> "It is hereby ordered: That said Trustee be and he is hereby authorized to employ F. P. Newport as an assistant in the management and operation of the properties of the above named bankrupt and to pay to said F. P. Newport for such services the sum of $250.00 per month, said salary to be paid out of the assets of said estate and to be charged as expense of administration of said bankrupt estate; said salary to be payable as of February 23, 1937, and

to continue so long as said F. P. Newport shall be employed by said Trustee or until the further Order of this Court."

On November 26, 1943, Metcalf, as trustee, in writing notified Newport that the latter's services were terminated as of December 1, 1943. Newport was fully paid from the time of his employment in 1935 to November 30, 1943, by Metcalf in his successive official capacities.

Now Newport asserts claims for ordinary services from December, 1943, to May 3, 1954, and for extraordinary services to the trustee. The total claim is for some $127,000 for services and some $34,400 for expenses.

The claim was denied by the referee after a hearing. Upon review, the district court affirmed the referee. The matter now comes to us on appeal.

Petitioner's claim is partially projected from the fact that order No. 1, provides that the salary of $250.00 is authorized and ordered to be paid "until further order of this court." Then the argument is buttressed with the circumstance that the same man, Metcalf, became trustee, succeeding himself as receiver.

■ In our judgment, the case must be considered as if Metcalf were succeeded as receiver by someone else as trustee. The point is the office is the important thing, not who held it.

■ In our view, order No. 1 has its own built-in limitation. Absent some amendment, it must be taken to preclude employment of Newport beyond the receiver's term as receiver. It says "H. F. Metcalf, Receiver, is authorized to employ F. P. Newport" and "the Receiver is authorized and directed to pay." The order doesn't authorize anyone else but the receiver (whose duties were completed in 1937) to pay. We think it clear that when the office of receiver terminated Newport's employment ipso facto terminated.

■ When order No. 2 was entered authorizing Metcalf as trustee to employ Newport, the order authorized the trustee to discharge Newport. Of course, Newport must be charged with knowledge of the order. When Metcalf discharged Newport, that was it. The terms of the employment of Newport were regulated by the order. When the authorization expired by its own terms, continued employment was precluded thereby.

■ We hold that one who is employed pursuant to a court order, the terms of which fix the length of service and which authorize the trustee to discharge, cannot get back on the trustee's payroll, performing essentially the same services, without further court order. That is to say, a condition is implied that upon discharge the person is not to be rehired without further order of court.

■ The referee may have intended to find as a matter of fact that F. P. Newport's continued attention to the affairs of the bankrupt was that of a volunteer. However, the express finding on the point seems more in the nature of a conclusion of law. If Newport was not as a matter of fact a volunteer, (if fact finding were in our purview, we would hold him a volunteer) we think he must be held to be a volunteer as a matter of law.

■■ Newport relies heavily on estoppel. He says the trustee misled him. He acted in reliance thereon to his detriment. Through Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, he would import the California law of estoppel. But the difficulty is that the trustee draws his power from the roots of the Bankruptcy Act. His powers are limited. 11 U.S.C.A. § 75. It is not for him to estop an estate, and thereby creditors, out of a substantial part of its assets. It is well settled bankruptcy law that on important decisions, whatever their character, the trustee must get the court's approval (or that of its delegate, the referee.) This necessity is exemplified here by the fact that first the receiver and then the trustee did get court authority to hire F. P. Newport. Those orders have long ago spent themselves. While Newport's relation to the trust

involved no fraud, yet the legal principles set forth in Freeman Coal Mining Corporation v. Burton, 388 Ill. 604, 58 N.E.2d 589, certiorari denied 325 U.S. 859, 65 S. Ct. 1196, 89 L.Ed. 1978, are very much in point. See also Imperial Assurance Co. v. Livingston, 8 Cir., 49 F.2d 745, 74 A.L.R. 1336.

The order of the district court sustaining the referee's disallowance of F. P. Newport's claims is affirmed.