Benjamin BROWNSTEIN, Successor Trustee-Appellant,

v.

ALUMINUM RESERVE CORP. et al., Respondents-Appellees.

No. 301, Docket 24450.

United States Court of Appeals Second Circuit.

Argued April 4, 1957.

Decided May 27, 1957.

Nathan B. Fogelson, New York City, for successor trustee-appellant.

Samuel J. Nachwalter, New York City, for respondents-appellees.

Before CLARK, Chief Judge, LUMBARD, Circuit Judge, and LEIBELL, District Judge.

LUMBARD, Circuit Judge.

This is an appeal from Judge McGohey's affirmance of a bankruptcy referee's refusal to adjudge "null and void" payments totalling $13,000 made by the debtor of the bankrupt. The checks in payment were drawn to the order of the trustee's attorney and to his law firm and the attorney misappropriated the funds.

Charles T. Nager, the bankrupt's first trustee, commenced an action on behalf of the bankrupt against Aluminum Reserve Corp. Nager had retained A. Alan Reich, the senior member of Reich, Peller, Guadagno & Caine, as his attorney, and proper orders of retention had been entered. On February 18, 1955 Aluminum proposed a settlement of the litigation for $15,000 and a $1,000 check was tendered as a first payment. This check was made out to the order of "A. Alan Reich, attorney." A special meeting of creditors accepted the offer and tender of the $1,000 check, and an order of approval was filed June 16, 1955. The check was then endorsed by Reich and by his law firm and deposited in the firm's special account. Thereafter, a check for $4,000, made out to Reich, Peller, Guadagno & Caine was endorsed by the firm and deposited in its special account. Eight more checks of $1,000 each were made out to the firm and deposited in the same way.

Reich misappropriated these funds and when Nager learned of this he asked Aluminum on March 2, 1956 to send the remaining $2,000 to him. A check of $1,000 was sent to him, as trustee.

Prior to April 30, 1956, Nager resigned as trustee and was succeeded by Abraham I. Menin. When the next and final $1,000 check came in, marked in final payment, Menin refused it and claimed that the $13,000 misappropriated by Reich would not be credited to Aluminum's debt since it should have sent the money to the trustee and not to Reich.

The successor trustee moved for an order adjudging the $13,000 payments null and void, on the grounds that (1) money owed to a bankrupt must be paid directly to the trustee and not to his attorney; (2) in any event, the checks should have been made payable to the attorney retained by the trustee and not to the attorney's law firm. Referee Irwin Kurtz who had approved the settlement, held that an attorney retained by a trustee in bankruptcy to recover on certain claims of the bankrupt has authority to receive payments for those claims on behalf of the trustee. He therefore denied

**84**

the motion and his order was confirmed by Judge McGohey.

 The referee's ruling was correct. No valid reason has been advanced for making an exception to the general rule that payment to an attorney of a claim which he is employed to recover or collect operates as payment to the client himself, absent specific contrary arrangements. See McCoy v. Barclay, 3 Dept. 1937, 250 App.Div. 682, 295 N.Y. S. 130; cf. In re Howard, D.C.N.D.Cal. 1904, 130 F. 1004, 1006. The fact that the principal in this case is a fiduciary acting on behalf of creditors does not justify such an exception, and we see no reason to extend the statutory exception requiring payment directly to a guardian *ad litem* on an infant's personal injury claim. N. Y. Civil Practice Act, § 980–a; Rules of Civil Practice Rule 41. See Honadle v. Stafford, 1934, 265 N.Y. 354, 193 N.E. 172. There is no analogous provision in the Bankruptcy Act, 11 U.S.C.A. § 1 et seq., and there is no reason for us to write it in.

Nor do we see any grounds for holding these payments null and void because the checks were payable to the law firm rather than to Reich personally. No additional harm resulted from this. If anything, such a form of payment may have made it more difficult for Reich to misappropriate the funds.

An additional reason for refusing to hold the payments null and void is that the trustee's acceptance of all the checks payable to Reich and his law firm, including the first one tendered with the settlement offer and which was also payable to Reich, estops the successor trustee from objecting after the misappropriation. A trustee in bankruptcy can be estopped to the same degree as any other party, see Larson v. First State Bank, 8 Cir., 1927, 21 F.2d 936, 938. The cases cited by the successor trustee for the contrary view all deal with situations where the actions on which it was sought to raise an estoppel were outside the trustee's powers. See e. g. Newport v. Sampsell, 9 Cir., 1956, 233 F.2d 944.

That is not the situation here for there is nothing in the Bankruptcy Act which forbids a trustee from authorizing his attorney to accept payment of debts owed to the bankrupt.

Affirmed.