Fritz W. Alexander, II, J.
It appearing that there is no dispute as to the facts in the instant case, the parties by agreement, have waived trial by jury and ¡submitted the sole question of law to the court for final resolution.
*626 The agreed facts are as follows: This plaintiff, Myer Moss (hereinafter “ Moss ”), was involved in an automobile accident in June, 1964, with a vehicle owned by Standard Brands, Inc. He thereafter retained one Richard A. Hornstein, an attorney, to prosecute the claim for him against Standard Brands, Inc. Normal litigation procedures ensued culminating in a settlement of the claim for $920.70 in February, 1966. Defendant herein, Employer’s Liability Assurance Corp., Ltd. (hereafter Employers) issued its check, on behalf of its insured Standard Brands, Inc. (hereafter “Standard”) on February 8, 1966 in payment of the settlement amount in exchange for a general release, purportedly executed and acknowledged by Moss, dated February 7, 1966. The check in the amount of $900' was payable to Moss and “Richard A. Hornstein, as atty.” and apparently was cashed at or deposited to an account maintained by Horn-stein at Chemical Bank (Chemical). Chemical thereafter collected the proceeds of the check from Marine Midland Bank (Marine), on whom it was drawn, who in turn debited the account of Employers in the amount.
The purported signatures of Moss appearing on the general release and as an indorsement on the check were both forgeries. Moss did not receive any of the settlement proceeds and had no knowledge of the settlement until queried about his purported indorsement on the check by the District Attorney, some two years later.
Moss now sues Standard and Employers upon an alleged “ contract of settlement”. He argues that Hornstein was not authorized to forge his name to the check; that he is thus not bound by the wrongful act of his attorney, and that as to him, Standard has never fulfilled its obligations under this “ settlement contract.” Standard and Employers have impleaded Marine as a third-party defendant by reason of its having paid the f orged check, and Marine, in turn, has claimed against Chemical on its guarantee of the indorsements on the instrument it received for collection.
The liability of Marine and, in turn, Chemical, of course depends in the first instance upon the validity of Moss’ claim against Standard and Employers.
It is conceded that Hornstein was retained by Mosg to prosecute his claim for personal injuries against Standard. There is no allegation to the contrary, and thus it is fair to assume that this retainer was in the standard form without any special limitations upon the scope of Hornstein’s authority to act on behalf of Moss.
*627 Perhaps because the proposition is so basic to the attorney-client relationship, there has been scant occasion for the courts to comment on the fact that, absent any special limitations, an attorney has full authority to receive payment of a debt or claim which he is employed to recover by suit or to collect (McCoy v. Barclay, 250 App. Div. 682).
Moss argues, however, that while Hornstein may have had authority to collect the proceeds of the settlement, he had no authority to forge his client’s indorsement upon the check and to abscond with the money. I fully agree with the proposition and were this a suit against Hornstein, no doubt would exist as to plaintiff’s right of recovery.
The question here, however, is whether there is a continuing liability upon the debtor or person against whom the claim is made, after he has made payment to the attorney so retained, albeit the attorney misappropriates the funds and they never in fact reach the client.
In dealing with a strikingly similar situation arising out of the defalcation of an attorney retained by the trustee of a bankrupt, in respect to funds remitted to the attorney in payment of the settlement of a debt owed the bankrupt, the Circuit Court of Appeals for the 2d Circuit (Lombard, J.) held in Brownstein v. Aluminum Reserve Corp. (245 F. 2d 82, 84) that “ No valid reason has been advanced for making an exception to the general .rule that payment to an attorney of a claim which he is employed to recover or collect equates as payment to the client himself, absent specific contrary arrangements.”
I find no valid reason for making any such exception in the case at bar and hold that the payment by Employers, on behalf of Standard to Hornstein, as attorney for Moss, 'constituted in legal effect, payment to Moss. The fact that the general release was also forged by Hornstein does not alter this result in this lawsuit; and perhaps not at all, in any event, since here Moss in effect ratifies and approves this act of his attorney by asserting rights allegedly arising out of the “ contract of settlement.” The defeat of Moss’ claim against Standard and Employers renders moot the questions presented by the cross claims against the banks. The third-party complaints therefore are dismissed.
The complaint against the defendants Standard and Employers is ordered dismissed and judgment shall enter accordingly.