**Dorothy M. GAMALSKI, Individually, and as Next Friend of Jennifer R. Gamalski, a Minor, and Gerald Gamalski, Petitioners,**

v.

**SECRETARY OF the DEPARTMENT OF HEALTH AND HUMAN SERVICES, Respondent.**

No. 90–314V.

United States Claims Court.

Sept. 20, 1990.

Thomas H. Bleakley, Detroit, Mich., for petitioners.

Frank F. Krider, Washington, D.C., with whom was Asst. Atty. Gen. Stuart M. Gerson, for respondent.

## OPINION

NETTESHEIM, Judge.

This case is before the court on petitioners' motion for review of a special master's dismissal of their petition seeking compensation for vaccine-related injuries suffered by their minor daughter, Jennifer Gamalski. Dorothy M. and Gerald Gamalski ("petitioners") filed their petition for compensation as provided by the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa–1—300aa–34 (Supp. V 1987), *as amended* by several public laws codified in 42 U.S.C.A. §§ 300aa–1—300aa–34 (West Supp.1990) ("the Act"). The issue before the court is whether the special master's legal conclusion that petitioners are precluded from filing a petition under the Act was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with

the law. Argument is deemed unnecessary.

### FACTS

The facts in this case are undisputed. On May 25, 1985, petitioners filed a civil action against the State of Michigan and the Macomb County Health Department, as vaccine administrators, seeking compensation for alleged vaccine-related injuries suffered by their minor daughter, Jennifer Gamalski. *Dorothy M. Gamalski, et al. v. State of Michigan, et al.,* C.A. 85–1885 (Mich.Cir.Ct., filed May 25, 1985).[1] On April 14, 1988, the Circuit Court for the County of Macomb, State of Michigan, entered a consent judgment against the Macomb County Health Department in the amount of $11,000.00.[2] On May 23, 1988, petitioners' attorney received the $11,000.00 in damages from the Macomb County Health Department in settlement of the suit. Petitioners' attorney placed the $11,000.00 in a trust account. He averred that petitioners neither have received nor have access to this money and that they are prepared "to return said money or set-off this amount by whatever amount is awarded pursuant to their vaccine petition." Affidavit of Thomas H. Bleakley, Apr. 5, 1990, ¶¶ 3–4.

On April 10, 1990, petitioners filed their petition seeking compensation under the Act for the same vaccine-related injury that was the subject of the prior civil action. On July 6, 1990, Special Master Dennis J. Hauptly filed an order dismissing the petition on the ground that petitioners were ineligible to receive compensation under section 300aa–11(a)(7) of the Act. *Gamalski v. Secretary,* No. 90–314V (Cl.Ct.Spec. Master July 6, 1990).

### DISCUSSION

1. *Standard of review*

■ On review of a decision by a special master, the Claims Court is authorized to "set aside any findings of fact or conclusion[s] of law of the special master found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law and issue its own findings of fact and conclusions of law." 42 U.S.C.A. § 300aa–12(e)(2)(B).

The Supreme Court, in the context of reviewing a federal agency's decision under the Administrative Procedure Act, 5 U.S.C. § 706 (1988), explained that under the arbitrary and capricious standard a reviewing court must consider "whether the [federal agency's] decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment." *Citizens To Preserve Overton Park, Inc. v. Volpe,* 401 U.S. 402, 416, 91 S.Ct. 814, 824, 28 L.Ed.2d 136 (1971) (citing cases). "Although ... [the] inquiry into the facts is to be searching and careful, the ultimate standard of review is a narrow one." *Id.*

The Federal Circuit, in the context of reviewing a district court's decision to quash a deposition subpoena, explained:

> An abuse of discretion occurs when (1) the court's decision is "clearly unreasonable, arbitrary or fanciful" (*Northrop Corp. [v. McDonnell Douglas Corp.*], 751 F.2d [395] at 399 (D.C.Cir.1984)]); (2) the decision is based on an erroneous conclusion of law (*Ariel [v. Jones],* 693 F.2d [1058] at 1060 [(11th Cir.1982)], citing *Premium Service Corp. [v. Sperry & Hutchinson Co.*], 511 F.2d [225] at 229 [(9th Cir.1975)]); (3) the court's findings are clearly erroneous (*Deitchman [v. E.R. Squibb & Sons, Inc.*], 740 F.2d [556] at 564 [(7th Cir.1984)]); or (4) the record contains no evidence on which the district court rationally could have based its decision (*e.g., Ariel,* 693 F.2d at 1060). However, "[t]he phrase [abuse of discretion] means ... that the court has a range of choice, and that its decision will not be

---

**1.** The State of Michigan was dismissed as a party on July 2, 1986. On November 5, 1987, the physician who administered the allegedly injurious vaccine to Jennifer Gamalski, Dr. Jung Kim, and his professional corporation, Morris and Kim, M.D., P.C., were added as defendants.

Petitioners later voluntarily dismissed this civil action without prejudice.

**2.** Petitioners have not questioned the jurisdiction of the state judge to render the consent judgment.

disturbed as long as it stays within that range and is not influenced by any mistake of law." *Kern v. TXO Production Corp.*, 738 F.2d 968, 970 (8th Cir.1984); *Dart Industries, Co. [v. Westwood Chemical Co.]*, 649 F.2d [646] at 648 [ (9th Cir.1980) ], citing *Premium Service Corp.*, 511 F.2d at 229.... "Such abuses ... [of discretion] must be unusual and exceptional; we will not substitute our judgment for that of the trial judge." 511 F.2d at 229 (citation omitted).

*Heat & Control Inc. v. Hester Indus., Inc.*, 785 F.2d 1017, 1022 (Fed.Cir.1986); *see also Hyundai Electronics Indus. Co. v. ITC*, 899 F.2d 1204, 1209 (Fed.Cir.1990) (explaining that the "touchstone" of arbitrary, capricious, and abuse of discretion standards of review is rationality—consideration of all relevant factors absent a clear error of judgment).

### 2. *Review of special master's legal conclusion*

As the facts of the case are undisputed, the court must only review the special master's legal conclusion that petitioners are precluded from filing a petition under section 300aa–11(a)(7) of the Act which provides:

> If in a civil action brought against a vaccine administrator or manufacturer for a vaccine-related injury or death damages are awarded under a judgment of a court or a settlement of such action, the person who brought such action may not file a petition under subsection (b) for such injury or death.[3]

The special master determined that the following conditions must be satisfied before dismissal of petitioner's claim under section 300aa–11(a)(7) of the Act would be appropriate:

1. A civil action had been filed.
2. The action was against against a vaccine administrator or manufacturer.

3. The action involved a vaccine-related injury or death.
4. Damages were awarded (a) under a judgment of a court or (b) in settlement of the action.

*Gamalski*, No. 90–314V, slip op. at 1–2.

The gravamen of petitioners' objections to the special master's dismissal of their petition is that although the $11,000.00 in damages were entered as a judgment, they were not "awarded" within the meaning of the Act. Petitioners advanced the following three arguments in support of their position:

> (1) damages were not "awarded" because the $11,000.00 has been retained by petitioners' counsel in a trust account;
> (2) $11,000.00 in damages is *de minimis* for statutory purposes; and
> (3) interpretation of the Act to mean that no petition could be filed under circumstances wherein a judgment had been entered, but no award had yet been received, would offend the congressional purposes for establishing the Act.

■ The special master deemed petitioners' first argument without merit because the Act does not require that petitioners actually receive damages, only that damages be awarded. Alternatively, the special master concluded that petitioners were in constructive receipt of the $11,000.00 in damages received by their counsel on their behalf. *Brownstein v. Aluminum Reserve Corp.*, 245 F.2d 82, 84 (2d Cir.), *cert. denied*, 355 U.S. 863, 78 S.Ct. 97, 2 L.Ed.2d 69 (1957), cited by the special master, states "the general rule that payment to an attorney of a claim which he is employed to recover or collect operates as payment to the client himself, absent specific contrary arrangements." The court agrees with the special master that *Brownstein* is apposite. At most, petitioners have shown they are not yet in actual possession of the $11,000.00 award. However, their attorney

---

**3.** Petitioners also claim eligibility to proceed under section 300aa–11(c)(1)(E) of the Act, which provides that a petition for compensation under the Act must contain an affidavit and supporting documentation demonstrating that the injured party has not collected previously an award or settlement of a civil action for damages for the same vaccine-related injury. The special master did not reach a legal conclusion on this claim as he found the petitioners ineligible to bring a claim under section 300aa–11(a)(7) of the Act.

states that petitioners are prepared to return the money or set-off the award by whatever amount they may recover in this proceeding. Petitioners thus have control over and access to the award. As a consequence, section 300aa–11(a)(7) of the Act bars recovery.

The special master viewed petitioners' second argument as lacking merit because there is no *de minimis* requirement for damages awarded pursuant to the Act. The special master further explained that even if the Act contained such a *de minimis* requirement, $11,000.00 is not clearly *de minimis*.

The special master found petitioners' third argument reasonable as a matter of policy, but unavailing because the damage award agreed upon in settlement of petitioners' prior civil action already had been paid.

The special master considered all relevant factors and articulated both the factual and logical underpinnings of his legal conclusion that petitioners are precluded from filing a petition for compensation under section 300aa–11(a)(7) of the Act. Although the special master's legal conclusion is entitled to no deference, and the court has scrutinized petitioners' objections anew, it should be pointed out that petitioners' objections do not raise any argument not addressed sufficiently by the special master. The court holds, therefore, that the legal conclusion of the special master is in accordance with law and neither arbitrary, capricious, nor an abuse of discretion.

## CONCLUSION

Based on the foregoing, the special master's decision to dismiss the petition for vaccine compensation is upheld. The Clerk of the Court shall dismiss the petition.

IT IS SO ORDERED.