**MALCOME and Bearnese Sawyer, as legal representatives of the estate of Phillip Sawyer, Petitioners,**

v.

**SECRETARY OF the DEPARTMENT OF HEALTH AND HUMAN SERVICES, Respondent.**

No. 90–1124V.

United States Court of Federal Claims.

June 4, 1993.

Joseph P. Atnip, Dresden, TN, for petitioners.

Catherine Reeves Oster, with whom was Asst. Atty. Gen. Stuart E. Schiffer, Helen M. Goldberg, and John Lodge Euler, Washington, DC, for respondent.

## ORDER

MOODY R. TIDWELL, III, Judge:

This case is before the court on petitioners' motion for review of Special Master Richard B. Abell's February 16, 1993 order dismissing petitioners' claim under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C.A. §§ 300aa–1 through 300aa–34 (West 1991 & Supp.1992) (Vaccine Act or Act).

### I. FACTS

The facts in this case are set forth more fully in the Special Master's decision in *Sawyer v. Secretary of HHS,* No. 90–1124V (Fed.Cl.Spec.Mstr. Feb. 16, 1993), and will be reiterated only as necessary for disposition of petitioners' motion. Petitioners seek compensation under the Vaccine Act for the death of their son Phillip Sawyer. Petitioners alleged that Phillip received a diphtheria-pertussis-tetanus (DPT) vaccination on November 18, 1946, at the Obion County Health Department, Tennessee, which caused him to suffer encephalopathy[1] and eventually die. On February 16, 1993, upon respondent's motion, Special Master Abell dismissed petitioners' claims finding that, based on the medical records filed with the petition and the affidavits subsequently submitted, a preponderance of the evidence proved that Phillip did not receive a vaccine for which the Act authorizes compensation. *See id.* op. at 530–31. On March 17, 1993, petitioners filed a motion for review along with a memorandum in support of their motion.

### II. DISCUSSION

When reviewing the decision of a special master, this court only has authority to "set aside any findings of fact or conclusion[s] of law ... found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 42 U.S.C. § 300aa–12(e)(2)(B). This is a highly deferential standard of review. *Hines v. Secretary of HHS,* 940 F.2d 1518, 1528 (Fed.Cir.1991). "A reviewing court may not substitute its own judgment for that of a special master if the special master has considered all relevant factors, and has made no clear error of judgment." *Ultimo v. Secretary of HHS,* 28 Fed.Cl. 148, 150 (1993) (citing *Overton Park, Inc. v. Volpe,* 401 U.S. 402, 416, 91 S.Ct. 814, 823, 28 L.Ed.2d 136 (1971); *Hyundai Elecs. Indus. v. United States Int'l Trade Comm'n,* 899 F.2d 1204, 1209 (Fed.Cir.1990); *Gamalski v. Secretary of HHS,* 21 Cl.Ct. 450, 451–52 (1990)). Accordingly, this court must grant the Special Master wide latitude when reviewing the propriety of his denial of petitioners' claim.

The Vaccine Rules of the Office of Special Masters of the United States Court of Federal Claims, RCFC app. J, paras. 1–35 (Rules), expressly provide the procedure to be followed in seeking review of a special master's decision pursuant to the National Vaccine Injury Compensation Program, 42 U.S.C.A. § 300aa–10. The language is very clear—a motion for review must be accompanied by a memorandum of numbered objections to the decision. *See* RCFC app. J, para. 24. This requirement provides that

> [the] memorandum *must* fully and specifically state and support each objection to the decision. The memorandum shall cite specifically to the record created by the special master, *e.g.,* to specific page numbers of the transcript, exhibits, etc., and should *also* fully set forth any legal

---

**1.** The National Childhood Vaccine Injury Act of 1986, 42 U.S.C.A. §§ 300aa–1 through 300aa–34 (West 1991 & Supp.1992) defines encephalopathy as "any significant acquired abnormality of, or injury to, or impairment of function of the brain." *Id.* § 300aa–14(b)(3)(A).

argument the party desires to present to the reviewing judge....

RCFC app. J, para. 24 (emphasis added). Petitioners' memorandum failed to meet both the form and substantive requirements of paragraph 24.

Petitioners' one-page memorandum merely stated their wish "to obtain review of the Special Master's decision so that they [could] comply with the Special Master's request in regard to the records needed to establish that [Phillip Sawyer] was indeed given a DPT immunization on the day in question." The Special Master made no such request—rather, he dismissed the case because, based on all of the evidence provided, petitioners failed to meet their burden to demonstrate by a preponderance of the evidence that Phillip had received a Table vaccination as required by the statute. *See* 42 U.S.C.A. § 300aa–13(a)(1). Because petitioners failed to state any *specific* objection to this determination, the court must deny petitioners' motion for review.

Apparently, petitioners would now have this court authorize a "fishing expedition" and grant them further discovery.[2] Although discovery is not a matter of right, RCFC app. J, para. 7, petitioners are entitled "to utilize the discovery procedures provided in [RCFC] 26–36 by filing a motion indicating the discovery sought and stating with particularity the reasons therefore...." *Id.* at para. 7(b). The party may also request the issuance of a subpoena. *Id.* at para. 7(c). However, petitioners at no time requested the Special Master for additional or extended discovery. The Special Master is not responsible for petitioners' failure to avail themselves of the tools for discovery.

 There is nothing in the Special Master's order or in petitioners' motion for review to indicate that the Special Master was arbitrary and capricious in the application or execution of these Rules. The fact is that when respondents moved for dismissal, petitioners' evidence did not meet the required burden of proof. *See* 42 U.S.C.A. § 300aa–13(a)(1).

Petitioners were unable to produce Phillip's records. Although they filed a personal history and consultation report produced during Phillip's hospitalization on December 2, 1946, neither offer support for petitioners' allegation that Phillip was in fact administered a DPT vaccine on November 18, 1946. While the personal history states that Phillip had received a diphtheria vaccine two weeks prior to admission in the hospital, the consultation report states that the symptoms resulting in hospitalization occurred subsequent to a diphtheria toxoid vaccine. Injury resulting from these vaccines would not entitle petitioners to compensation. *See* 42 U.S.C.A. § 300aa–14(a).

In fact, Special Master Abell went beyond petitioners' proffer. Congress intended special masters "to be vigorous and diligent in investigating factual elements necessary to determine the validity of the petitioner's claim." *Shaw v. Secretary of HHS,* 18 Cl.Ct. 646, 656 n. 4 (1989) (quoting H.Rep. No. 908, 99th Cong., 2d Sess. 12, 13, 16–17, *reprinted in* 1986 U.S.Code Cong. & Admin.News 6353, 6354, 6357–58). Accordingly, the Special Master on three separate occasions—November 30, 1992, December 29, 1992, and January 25, 1993—ordered petitioners to file an affidavit from a representative of the Obion County Health Department *in lieu* of the actual records indicating "to a reasonable degree of historical certainty or probability, that the only vaccinations given for diphtheria circa 18 November 1946 were DPT or DT."

In response to these requests, petitioners eventually filed an affidavit from Dorothy Latimer, Records Clerk for the Obion County Health Department, which stated:

Based upon an examination of [available records for 1946], we can state that the following immunizations were given during that year: Diphtheria, Tetanus, Pertussis (whooping cough), Small Pox, and Typhoid. We cannot determine whether any of these immunizations were always given together or were usually given together during that year. We believe

---

**2.** Petitioners claim to have been informed by authorities in Nashville that Phillip's records do exist and could be found by an extensive search of the archives there.

that D, P, & T were usually given together but we do have instances in which they were not given together.

It is clear from this evidence that the Special Master was not arbitrary and capricious in deciding that petitioners failed show by a preponderance of the evidence that Phillip had been administered a Table vaccination.

### III. CONCLUSION

For the reasons stated above, the court finds that petitioners failed to demonstrate that the Special Master's decision was arbitrary, capricious, or an abuse of discretion in conformance with RCFC, Appendix J. Therefore, the court denies petitioners' motion for review. The court, pursuant to 42 U.S.C.A. § 300aa–12(e)(2)(A) and RCFC app. J, para. 27(a), sustains the Special Master's February 16, 1993, order. The Clerk of the court is directed to enter judgment accordingly.

**IT IS SO ORDERED.**