Melissa HINES, on Behalf of her minor
daughter, Amber SEVIER,
Petitioner,

v.

SECRETARY OF the DEPARTMENT
OF HEALTH AND HUMAN
SERVICES, Respondent.

No. 89–90 V.

United States Claims Court.

March 25, 1992.

M. Susan Sacco, Maitland, Fla., for petitioner.

David L. Terzian, Washington, D.C., with whom was Asst. Atty. Gen. Stuart M. Gerson, for respondent.

## ORDER [1]

MOODY R. TIDWELL, III, Judge.

Under the National Childhood Vaccine Injury Act of 1986 (Act), *codified as amended* 42 U.S.C. §§ 300aa–1 to 300aa–33 (1988 & Supp. I 1989), this matter comes before the court on respondent's motion for review of Special Master Paul T. Baird's November 14, 1991 Fee Decision.

1. This order may contain information that should not be disclosed to a nonparty. *See* 42 U.S.C. § 300aa–12 (1988 & Supp. I 1989). Accordingly, within fourteen days of the date of this order, the parties shall designate any material subject to section 300aa–12 and such designated material will be deleted for public access. If on review of this order neither party files objections within the fourteen-day period, the court will assume that no material is subject to section 300aa–12.

## FACTS

Petitioner sought compensation under the Act for injuries to her minor daughter, Amber Sevier, allegedly caused by a measles, mumps, and rubella inoculation administered on January 26, 1989. On June 22, 1990, Special Master Baird determined that petitioner was not entitled to compensation under the Act. Petitioner filed a motion for review in the United States Claims Court, and Senior Judge Lydon upheld the Special Master's decision. On October 26, 1990, petitioner filed a motion with Special Master Baird to recover attorneys' fees incurred in the substantive proceedings before the Special Master and the Claims Court. While that motion was pending, petitioner appealed Senior Judge Lydon's decision to the United States Court of Appeals for the Federal Circuit. On January 9, 1991, Special Master Baird granted petitioner's motion for attorneys' fees on the substantive proceedings, but reduced certain aspects of the claim. Upon petitioner's motion for review, this court affirmed the Special Master's fee decision. Subsequently, the Federal Circuit affirmed Senior Judge Lydon's substantive decision.

On August 15, 1991, petitioner filed a motion for an award of attorneys' fees in connection with petitioner's motion for review in this court of the Special Master's original fee decision, and her appeal of the substantive decision to the Federal Circuit. On November 14, 1991 Special Master Baird issued his decision which refused an award of attorneys' fees for review of the original fee decision in this court, but granted fees and costs associated with the Federal Circuit proceedings. Respondent objected to the latter award and filed a motion for review in this court asserting that the Special Master's award of fees for the substantive appeal was "contrary to law and an abuse of discretion."

## DISCUSSION

■ In reviewing the decision of a special master, this court has authority to "set aside any findings of fact or conclusion of law ... found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 42 U.S.C. § 300aa–12(e)(2)(B). By the plain language of the statute, *de novo* review, as to legal conclusions or factual findings, is no longer appropriate. *Stotts v. Secretary of Dep't of Health & Human Servs.*, 23 Cl.Ct. 352, 358–61 (1991); *see Hines v. Secretary of Dep't of Health & Human Servs.*, 940 F.2d 1518, 1523–24 (Fed.Cir.1991); *Murphy v. Secretary of Dep't of Health & Human Servs.*, 23 Cl.Ct. 726, 729–30 (1991). " '[A]rbitrary and capricious' is a highly deferential standard of review." *Hines*, 940 F.2d at 1528. A reviewing court may not substitute its own judgment for that of the special master if the special master has considered all relevant factors, and has made no clear error of judgment. *See Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 416, 91 S.Ct. 814, 823, 28 L.Ed.2d 136 (1971); *Hyundai Elecs. Indus. v. United States Int'l Trade Comm'n*, 899 F.2d 1204, 1209 (Fed. Cir.1990); *Gamalski v. Secretary of the Dep't of Health & Human Servs.*, 21 Cl.Ct. 450, 451–52 (1990). Accordingly, this court must grant the special master wide latitude in determining the reasonableness of an award of attorneys' fees.

■ Under 42 U.S.C. § 300aa–15(e)(1), a special master is authorized to award reasonable attorneys' fees and other costs to litigants for claims brought in good faith and with a reasonable basis, regardless if compensation under the Act was allowed. A special master may award fees and costs for unsuccessful proceedings in the Claims Court, 42 U.S.C. § 300aa–15(e)(1), but no mention is made in the statute of compensation for proceedings in the Federal Circuit. Respondent argued that Special Master Baird abused his discretion by granting petitioner's motion for attorneys' fees incurred in the Federal Circuit proceedings. To support its position, respondent cited *Gavette v. Office of Personnel Management*, 785 F.2d 1568 (Fed.Cir.1986), which stated that the Federal Circuit was "in a better position" than the Merit Systems Protection Board to determine the amount of attorneys' fees to be awarded under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (1982), in an appeal from the

MSPB to the Federal Circuit. *Id.* at 1580. However, a more recent opinion indicates that a court does not have to be in the "best" position possible to award attorneys' fees for appellate litigation. The Federal Circuit in *PPG Indus. v. Celanese Polymer Specialties Co.*, 840 F.2d 1565 (Fed.Cir.1988), stated that "the power to award attorney fees for appellate work is not the exclusive domain of an appellate court." *Id.* at 1569. In coming to this conclusion, the Federal Circuit relied on several instances when United States District Courts awarded attorneys' fees for appellate court proceedings. *See id.*, and cases cited therein. *PPG* is applicable to this case and, until stated otherwise, is sufficient authority for a special master to award attorneys' fees and costs for appeals to the Federal Circuit.

■ Respondent next argued that the timeliness of petitioner's motion for attorneys' fees should have been governed by Fed.Cir.R. 47.9, which would have rendered the motion untimely. The court disagrees. The Vaccine Rules specifically state that they are to "govern *all* proceedings before the ... Special Masters." RUSCC App. J, ¶ 1 (emphasis added). Thus, in any proceeding before a special master, including motions for fee awards, the Vaccine Rules contained in RUSCC App. J will apply. Special Master Baird correctly relied on the Vaccine Rules to determine the timeliness of petitioner's motion. The court declines to rule on which rules would apply had petitioner brought her motion directly in the Federal Circuit.

■ Finally, respondent argued that the first award of attorneys' fees precluded petitioner's subsequent motion for attorneys' fees. Although respondent attempted to characterize the latter award of attorneys' fees as a modification of a prior judgment, its arguments were unconvincing. The second award of attorneys' fees simply did not modify the first award. The Special Master was only requested to grant an award of attorneys' fees limited to work not yet performed at the time of the first award. While the Vaccine Rules do not specifically authorize multiple motions for fees and costs which pertain to separate portions of a case, neither do they specifi-

cally prohibit such motions. When matters are "not specifically provided for by the Vaccine Rules, the special master may regulate the applicable practice, consistent with [the] rules and with the purpose of the Vaccine Act, to decide cases promptly and efficiently." RUSCC App. J, ¶ 1. Accordingly, even if the court disagreed with the decision of Special Master Baird to allow the second award of attorneys' fees, which it does not, the ruling was a reasonable interpretation of the law. Special Master Baird considered all of the relevant factors and made no clear error of judgment. *See Citizens to Preserve Overton Park, Inc.*, 401 U.S. at 416, 91 S.Ct. at 823; *Hyundai*, 899 F.2d at 1209; *Gamalski*, 21 Cl.Ct. at 451–52.

## CONCLUSION

After careful review of Special Master Baird's order, and applicable case law, the court finds that respondent has failed to demonstrate that the Special Master was arbitrary, capricious, or abused his discretion in determining attorneys' fees and costs. For that reason, respondent's motion for review is denied and the court, pursuant to 42 U.S.C. § 300aa–12(e)(2)(A), hereby affirms the Special Master's November 14, 1991 Fee Decision. The Clerk of the court is directed to enter judgment accordingly. No costs.

IT IS SO ORDERED.