**In re R. Greg BAILEY, Attorney at Law.**

**No. 95–8002.**

United States Court of Veterans Appeals.

July 31, 1998.

Before NEBEKER, Chief Judge, and KRAMER and STEINBERG, Judges.

## ORDER

PER CURIAM:

On June 11, 1998, the Court publicly reprimanded attorney R. Greg Bailey (respondent) for misconduct. In accordance with the Court's Rules of Admission and Practice, copies of the order imposing the reprimand were sent to bar disciplinary authorities in Missouri, Illinois, and the District of Columbia; to the clerks of the United States Courts of Appeal for the Seventh and Eighth Circuits and the Supreme Court of the United States; to the American Bar Association's National Disciplinary Data Bank; and to the Court's regular mailing list for publication. On July 9, 1998, the respondent filed a motion to stay the Court's order pending appeal. On the same date, the respondent also filed a Notice of Appeal (NOA) to the Court of Appeals for the Federal Circuit (Federal Circuit).

In *Villamor v. West,* the Court held that "the filing of [an] NOA seeking review in the Federal Circuit deprives this Court of jurisdiction" over a motion for full Court review filed the day before the NOA. *Villamor,* 11 Vet.App. 193 (1998) (en banc), *appeal reinstated,* No. 98–7043 (Fed.Cir. July 23, 1998); *see also Cerullo v. Derwinski,* 1 Vet.App. 195, 196 (1991) ("filing of an NOA confers plenary jurisdiction upon an appellate court."). *Cf.* FED.CIR.R. 8(a) (referring to "[a]pplication for a stay ... pending appeal" being made "in the first instance in the district court" as contrasted with an application "for an order suspending, modifying, restoring, or granting an injunction during the pendency of an appeal"); FED.R.APP.P. 8(a)

(same). Accordingly, the Court is without jurisdiction to consider the respondent's motion.

On consideration of the foregoing, it is

ORDERED that the respondent's motion is DISMISSED for lack of jurisdiction. The Clerk is directed to send copies of this order to all entities to which copies of the Court's June 11, 1998, order were sent pursuant to Rule 11(b) and (c) of the Court's Rules of Admission and Practice.

NEBEKER, Chief Judge, dissenting:

I dissent from the dismissal of the respondent's motion and would, instead, deny the stay. My colleagues, reading and application of the notice-of-appeal-transfer-of-jurisdiction cases fails to account for the near universal exception where a stay pending appeal is sought. Rule 8(a) of the Federal Circuit's Rules, while not expressly dealing with this Court, provides that the immediately subordinate tribunal has jurisdiction to act on a motion for a stay. In fact, where a party has not so moved, that Rule mandates that the party file an affidavit explaining why it was not practicable to file such a motion in the subordinate tribunal. *See also* Federal Rules of Appellate Procedure, Rule 8(a) to the same effect. My reading of these Rules, and the practice thereunder dictates that it is not only common sense to have the acting tribunal rule first on a stay request, but that there is limited jurisdiction to do so. Accordingly, I would act on the motion, and deny it because there is not shown a likelihood of success on the purported appeal. *See* 38 U.S.C. § 7292(a) and (c).