**Jesus A. BARRERA, Appellant,**

v.

**Togo D. WEST, Jr., Secretary of Veterans Affairs, Appellee.**

**No. 90–1496.**

United States Court of Appeals for Veterans Claims.

Oct. 25, 1999.

Kenneth M. Carpenter was on the pleadings for the appellant.

Leigh A. Bradley, General Counsel; Ron Garvin, Assistant General Counsel; Mary Ann Flynn, Acting Deputy Assistant General Counsel; and Ralph G. Davis were on the pleadings for the appellee.

Before KRAMER, FARLEY, and IVERS, Judges.

IVERS, Judge, filed the opinion of the Court. KRAMER, Judge, filed a concurring opinion.

IVERS, Judge:

The veteran has filed an application for an award of attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d).

## I. FACTS

The case underlying the EAJA application now before the Court dates back to an April 1990 Board of Veterans' Appeals (Board or BVA) decision that denied on the merits the appellant's claim for an increased disability rating for his service-connected bipolar disorder. The case has had an active appellate history, including an August 1997 decision in the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) that reversed this Court's 1993 sua sponte dismissal of the appeal for lack of jurisdiction, and remanded the case to the Court. *Barrera v. Gober,* 122 F.3d 1030 (Fed.Cir.1997). Most recently, in a May 15, 1998, order, the Court vacated the Board's 1990 decision on the merits of the appellant's claim for an increased disability rating and remanded the matter to the Board for further development and readjudication.

Following the August 1997 Federal Circuit decision, the appellant filed an EAJA application with that court. The Federal Circuit denied the application based on a finding that the position of the Secretary had been substantially justified. *See* 28 U.S.C. § 2412(d). After this Court's May 1998 remand to the Board, the appellant filed an EAJA application here seeking an award of attorney fees, including those denied by the Federal Circuit. The Secretary filed a response to the application, asserting that the veteran was not eligible for the fees that the Federal Circuit had denied. Secretary's Response at 5–19. The Secretary does not oppose an award of EAJA fees with respect to the appellant's appeal to this Court regarding his

claim for an increased disability rating for his service-connected bipolar disorder. *Id.* at 19.

## II. ANALYSIS

The sole issue here is whether the fees, costs, and expenses included in the EAJA application filed with this Court for work completed for the appeal to the Federal Circuit should or should not be granted. The issue on appeal to the Federal Circuit was whether this Court properly dismissed, sua sponte, the appellant's appeal from the April 1990 BVA decision. Among the undisputed facts are that the appellant filed an EAJA application with the Federal Circuit after prevailing before that court (this Court's dismissal was reversed), and that the Federal Circuit denied the application based on a finding that the Secretary had been substantially justified in his litigation position before that court. *See Id.* at 3; Appellant's Reply at 2–3.

The appellant contends that he is entitled to a second bite at the EAJA-fee apple because his case should be treated as a unified whole according to the theory set forth by the United States Supreme Court in *Commissioner, INS v. Jean,* 496 U.S. 154, 160–61, 163, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990). Appellant's Reply at 5–6. The appellant argues that the exceptions to *Jean's* unitary civil litigation theory do not apply to his case for purposes of separating the fees generated for the action before the Federal Circuit from those generated in the appeal on the merits before this Court. *Id.; see Calma v. West,* 12 Vet.App. 66, 69–70 (1998) (fees excludable from EAJA award are those (1) for time spent on distinct and severable claims, and (2) for expenses that would have been necessary even if the United States had not taken an unjustified position on the merits).

The appellant's arguments miss the mark, however, in light of his own actions. By filing his application for EAJA fees at the Federal Circuit, the appellant invited severance of the matter of fees generated for the action before that court. Upon denying the appellant's EAJA application, the Federal Circuit implicitly recognized this Court's sua sponte dismissal of the appellant's appeal as a matter severable and separate from an appeal on the merits of his claim. *See Jean* and *Calma,* both *supra.* The Federal Circuit effectively rendered judgment on the merits of the appellant's EAJA application with respect to his appeal of this Court's dismissal of his action, and the matter is *res judicata. See* Black's Law Dictionary 844 (6th ed.1990) ("For res judicata purposes[, a judgment on the merits] is one which determines the rights and liabilities of the parties based on the ultimate fact" as disclosed by the issues presented.)

The Court notes that the language of the EAJA statute indicates that an award of costs, fees, and expenses pursuant to the statute will be assessed against the United States *as a party* to the action. *See* 28 U.S.C. § 2412(b) (court may award fees to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity). In this case, the appeal to the Federal Circuit on the matter of this Court's jurisdiction followed a dismissal by the Court sua sponte. The EAJA does not appear to provide for recourse against *a court* by a prevailing party.

## III. CONCLUSION

Accordingly, the costs, fees, and expenses included in the appellant's EAJA application that arose as a result of the appeal to the Federal Circuit are disallowed, and an EAJA award in the amount of the costs, fees, and expenses resulting from work performed for the appeal of the BVA decision to this Court is granted.

KRAMER, Judge, concurring:

I would hold that this Court is without jurisdiction to consider fees generated for work done in a reviewing court during a

period when this Court is divested of any jurisdiction over the case. *See In re Bailey,* 11 Vet.App. 348, 349 (1998) (filing of Notice of Appeal as to this Court's order to the United States Court of Appeals for the Federal Circuit (Federal Circuit) deprives this Court of jurisdiction over motion to stay the order even though motion to stay filed prior to the notice of appeal).

Section 2412(d)(1)(A) of title 28 of the United States Code (the EAJA statute) provides:

> Except as otherwise specifically provided by statute, *a court* shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in *any court* having jurisdiction of that action, unless *the court* finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

(Emphasis added.) The statute, read literally, would permit any court ("*a court*") empowered to award EAJA fees to make such an award arising from work done before any court having jurisdiction over the United States, even where the former had never exercised jurisdiction over the section 2412(d)(1) civil action. Obviously, to permit a court that had no jurisdiction over the civil action to award EAJA fees as to that action would be absurd. *See Brooks v. Donovan,* 699 F.2d 1010, 1011 (9th Cir.1983) (court must look beyond the statute where a literal interpretation would lead to an absurd result). The statute could be read more narrowly to say that this Court ("*a court*") has jurisdiction to determine the reasonableness of fees generated during litigation in the Federal Circuit during a review of this Court's underlying decision. If we were to adopt this view, however, we in essence would be asserting after the fact jurisdiction over a matter over which we had been divested of jurisdiction. This would be especially problematical where we would be called upon to determine whether the Secretary's litigation position before the Federal Circuit was substantially justified. As a consequence, I would construe the statute as providing for no jurisdiction with respect to fees for work done during a time when we had no jurisdiction over the matter in which the work was done.