ATTACHED TO THIS VERSION AT THE END IS A COURT ORDER DATED 31 MAR 00 THAT APPLIES TO THIS CASE -e

*Designated on March 31, 2000, for publication*

CORRECTED COPY

**UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS**

No. 90-1496

JESUS A. BARRERA,                                                                APPELLANT,

V.

TOGO D. WEST, JR.,
SECRETARY OF VETERANS AFFAIRS,                                    APPELLEE.

Before NEBEKER, *Chief Judge*, and KRAMER, FARLEY,
HOLDAWAY, IVERS, STEINBERG, and GREENE, *Judges*.

**O R D E R**

In a panel decision dated October 25, 1999, the Court disallowed claimed attorney fees and expenses pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, for work associated with the appellant's appeal to the United States Court of Appeals for the Federal Circuit (Federal Circuit). The Court held that the Federal Circuit's denial of the appellant's EAJA application for the same fees and expenses rendered the matter res judicata. The appellant now moves for a full Court decision concerning this matter.

Motions for a full Court decision are not favored. Ordinarily they will not be granted unless such action is necessary to secure or maintain uniformity of the Court's decisions or to resolve a question of exceptional importance. In this appeal, the appellant has not shown that either basis exists to warrant a full Court decision.

Upon consideration of the foregoing, the record on appeal, and the appellant's motion for a full Court decision, it is

ORDERED that the motion for a full Court decision is DENIED.

DATED: February 25, 2000                                              PER CURIAM.

KRAMER, *Judge,* concurring: I have reviewed Judge Steinberg's articulate dissent, but nevertheless must take issue with it on the following grounds. First, I disagree that there is case

precedent that holds that this Court has jurisdiction to consider an award under the Equal Access to Justice Act (EAJA) for work done in the Federal Circuit during a period when this Court was divested of any jurisdiction over the underlying matter. Although an inference could be drawn to that effect from the cited precedent, none of the cited cases directly addresses the jurisdictional question.

Second, even assuming that the Court has jurisdiction, the dissent recognizes that it is a "question whether it is appropriate for this Court to exercise its jurisdiction," and concludes that it is. Dissent, *post* at __. I find this a curious result, in light of the dissent's recognition that Federal Circuit precedent construes its owns rules as contemplating that "when attorney fees and expenses are authorized in connection with an appeal," the Federal Circuit should determine "the ***amount of the award*** for such fees and expenses," because it "is in a better position . . . to determine the amount of fees and expenses to be awarded in connection with the appeal to [the Federal Circuit]." *Id.* (quoting *Gavette v. OPM*, 808 F.2d 1456, 1468 (Fed. Cir. 1986) (en banc), (emphasis in dissent). If the dissent were to prevail, the exact opposite process would occur--the determination would be made by a court (this Court) not in the best position to determine such amount. Although the dissent appears to suggest that the Federal Circuit admonition extends not to the actual grant of an application, but only to the amount of the award granted, *see id.* (emphasizing the wording in the Federal Circuit's rules that it should determine the *amount* of fee awards), there is no escape from the inevitable result that, were this Court to determine that an award was appropriate, it would also have to calculate the amount of such award.

Third, again assuming jurisdiction, for this Court to involve itself in the same work as that undertaken in the Federal Circuit would require us to violate the prohibited practice that "[a] request for attorneys fees should not result in a second major litigation," *Commissioner, INS v. Jean*, 496 U.S. 154, 163 (1990) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)). This is especially true where our record does not include the parties' filings in the Federal Circuit, interlocutory orders of that court, or the transcription of any oral argument heard in that court, let alone copies of internal Federal Circuit memoranda or conference notes.

Fourth, as the dissent points out, the appellant's EAJA application, submitted to and denied by the Federal Circuit, limited itself to averring that the Secretary's litigation position before our Court was not substantially justified. Thus, the appellant failed to aver that the Secretary's position at the administrative stage also was not substantially justified. Nevertheless, the Federal Circuit in denying the appellant's EAJA petition before it held only that the Secretary's position before the Federal Circuit was substantially justified. To the extent that the dissent suggests that the issue of substantial justification should not have been bifurcated by the Federal Circuit, thus requiring consideration by our Court of whether there was substantial justification at the administrative level, it appears that any problem in this regard was caused by mistakes in the appellant's application. The dissent, rather than penalize the appellant for such mistakes, would have him profit from them. *See INS v. Jean*, 496 U.S. at 159 ("The most telling answer to the Government's submission that it may assert a 'substantial justification' defense at multiple stages of an action is the complete absence of any textual support for this position. . . . [R]equiring courts to make a separate finding of substantial

justification regarding the Government's opposition to fee requests would multiply litigation . . . [and could] spawn a 'Kafkaesque judicial nightmare' of infinite litigation to recover fees for the last round of litigation over fees.")

In response to the two reasons given by my colleague in Part 3E of his dissent for the collapsed "underpinnings" of the preceding paragraphs, I offer the following response. First, the dissent asserts that there is no issue here as to reasonableness of fees and expenses in the Federal Circuit because the Secretary is not contesting them here. As the dissent points out in Part 3D, this Court has an independent responsibility to review reasonableness, even in the face of a Secretarial concession. *See Chesser v. West*, 11 Vet.App. 497, 501-02 (1998) (citing *Hensley*, 461 U.S. at 433; *Ussery v. Brown*, 10 Vet.App. 51, 53 (1997) (rule is *not* that Court looks no further in absence of supported attack on reasonableness of EAJA fees and expenses; rather, Court may look independently to see if requested fees not facially unreasonable or contraindicated by up to 12 factors, including time and labor required; duplicativeness of work; novelty and difficulty of question; legal skill necessary; preclusion of other employment by case; work traditionally done by nonattorneys; time limitations imposed; amount involved and results obtained; experience of attorneys).

Second, the dissent implies that the approach advocated by my concurrence would require EAJA litigation in both the Federal Circuit and this Court, thus causing two major litigations. The simple answer to this so-called "add[ed] complexity," Dissent, *post* at __, would be to apply to the extent possible the unitary litigation theory so eloquently propounded in the dissent. That means that an appellant, simply put, will apply for *all* EAJA fees and expenses in the *highest* court *in which* any such fees and expenses are *sought* for, at least, all work previously done in any court on behalf of the EAJA application. In other words, in practical terms, that means that the Federal Circuit is in a much better position to make an award for work done below it than this Court is to make such an award for work done above it.

In further response, the dissent's commentary in footnote 7 once again shows my colleague's predisposition, in violation of his own unitary theory, to overcomplicate the obvious. Can there be any question that the appellant garnered prevailing party status through his victory in the Federal Circuit, in which that Court clearly reversed this Court in regard to our holding of lack of jurisdiction to hear the appellant's appeal and remanded the underlying matter for further proceedings on the merits? *See Shalala v. Schaefer*, 509 U.S. 292, 302 (1993) (quoting *Texas Teachers Ass'n v. Garland Independent School Dist.,* 489 U.S. 782 (1989) (remand relieving party of adverse decision satisfies prevailing party requirement because it represents "succe[ss] on any significant issue in litigation which achieve[d] some of the benefit . . . sought in bringing suit"); *Chesser,* 11 Vet.App. at 499 (appellant prevailing party "by virtue of Court's remand"); *Stillwell v. Brown*, 6 Vet.App. 291, 300-01 (1994) (where Court remands to Board, appellant is prevailing party).

Certainly, the appellant received benefit from the action of the Federal Circuit compared to his situation prior to his appeal to that Court. Even assuming that the benefit must be predicated on the appeal to this Court (not to the Federal Circuit from this Court), he has won the right to an appeal

here on the merits, something he previously had been denied. This status permitted the filing of the appellant's EAJA application within 30 days of the final judgment. Indeed, the Federal Circuit implicitly recognized that he was a prevailing party when it based its EAJA decision on the substantial justification question--an issue that can only arise once the appellant becomes a prevailing party. *See Bazalo v. West*, 150 F.3d 1380, 1383 (Fed. Cir. 1998) (overruling on other ground but upholding this Court's ruling that showing prevailing party status is jurisdictional and must be included in timely application; only must allege substantial justification); *see also* Court's caselaw showing that first criterion in evaluating EAJA application is prevailing party status, e.g., *Weierbach v. West*, 12 Vet.App. 486, 487-89 (1999); *Chesser*, 11 Vet.App. at 499; *Bazalo v. Brown*, 9 Vet.App. 304, 309 (1996), *rev'd in part on other grounds sub nom Bazalo v. West, supra* (first jurisdictional requirement of EAJA suit is showing of prevailing party status)*; Lematta v. Brown*, 8 Vet.App. 504, 510 (1996) ("Because this Court finds that the appellant has not shown that he is a prevailing party . . . it is unnecessary . . . to examine whether the appellant has met the other . . . requirements"); *Stillwell*, 6 Vet.App. at 298-301.

STEINBERG, *Judge*, dissenting: This matter is before the Court on the appellant's application for attorney fees and expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA). I voted to grant the appellant's motion for a full Court decision in this case because the issues involved are of significant importance, part of the panel opinion is inconsistent with current caselaw, and the resulting partial denial of attorney fees and expenses was in error.

## I. Summary

The position that I take in this dissent is summarized below:

This Court has jurisdiction to consider EAJA fees and expenses incurred as to representation before the U.S. Court of Appeals for the Federal Circuit (Federal Circuit). Moreover, this Court is in a better position than is the Federal Circuit to consider the reasonableness of the Secretary's position at the administrative stage and, accordingly, to determine substantial justification as to the entire civil action. Under the unitary theory of EAJA litigation as specified in *Commissioner, INS v. Jean*, 496 U.S. 154, 159 (1990), *affirming Jean v. Nelson*, 863 F.2d 759 (11th Cir. 1988), this Court is required to consider all phases as to the civil action, including any appeals.

The panel opinion's use of *Calma v. West*, 12 Vet.App. 66 (1998), was incorrect; the case holds that a jurisdictional issue is ***not*** severable from the rest of the EAJA litigation where the Secretary's administrative position was unreasonable and that position precipitated the civil action and thus the jurisdictional issue. It is not material to the EAJA outcome that the Court rather than the Secretary raised that jurisdictional issue.

The panel's use of res judicata to sever the Federal-Circuit-related fees issue was incorrect and prejudicial to the appellant. The law of the case applies in these circumstances, and that doctrine does not preclude the Court's consideration of EAJA fees and expenses for representation before the Federal Circuit in this case. Just because the Federal Circuit has determined that the Secretary's

4

position before the Federal Circuit was substantially justified does not mean that this Court cannot consider in the context of the larger civil action, as dictated by *INS v. Jean*, *supra*, that portion of the appellant's pending EAJA application to this Court that relates to his representation before the Federal Circuit.

## II. Background

This order is one in a long line of actions in this case, which began with the appellant's Notice of Appeal to this Court from an April 11, 1990, decision of the Board of Veterans' Appeals (BVA or Board). The appellant filed a brief requesting reversal, and the Secretary filed a motion to remand, which the appellant opposed. During the course of this lengthy civil action, this Court, sua sponte, considered whether there was a jurisdiction-conferring Notice of Disagreement, found (erroneously, as it turned out) that there was not under then current law, and on February 3, 1995, dismissed the appeal for lack of jurisdiction. *Barrera v. Brown*, No. 90-1496, 1995 WL 57790, at *2 (Vet. App. Feb. 3, 1995) (on motion for reconsideration, dismissing for lack of jurisdiction based on this Court's then recent decision in *West v. Brown*, 7 Vet.App. 329 (1995) (en banc)). *But see id.* at 333-39 (Steinberg and Kramer, JJ., dissenting). The appellant appealed to the Federal Circuit. The Federal Circuit, noting that its opinion in *Grantham v. Brown*, 114 F.3d 1156 (1995), had overruled *West*, *supra*, reversed this Court's dismissal and remanded to this Court for consideration of the merits of the case. *Barrera v. Gober*, 122 F.3d 1030, 1032 (Fed. Cir. 1997).

On September 3, 1997, the appellant filed an EAJA application with the Federal Circuit for $11,849.42 in fees and expenses (covering representation before that court from February 1995, after this Court's dismissal, to that September 1997 EAJA application). Secretary's Response (Resp.), Attachment (Attach.) 1, at 1, 3-6. He alleged in that application that the Secretary's litigation position **before our Court** was not substantially justified. Secretary's Resp., Attach. 1. The Secretary opposed the application on the ground that the appellant's allegation as to the Secretary's position before this Court, as well as before the Federal Circuit, was "factually inaccurate" and that his litigation position before this Court was substantially justified. Secretary's Resp., Attach. 2, at 2-3. The Federal Circuit, in denying the application in a September 24, 1997, order, stated as to its conclusion there only: "In view of the fact that the [Secretary's] position before [that] court regarding jurisdiction coincided with that of [the appellant], and is consistent with the position taken by [that] court, the position of the [Secretary] was 'substantially justified.' *See* 28 U.S.C. § 2412(d)." *Barrera v. West*, U.S. Fed. Cir. No. 95-7045 (order Sept. 24, 1997) (found at Secretary's Resp., Attach. 3).

On May 15, 1998, after considering the merits of the appeal, this Court by single-judge order vacated the April 11, 1990, BVA decision and remanded the matter for further development and readjudication. *Barrera v. West*, No. 90-1496, 1998 WL 320390, at *2 (Vet. App. May 15, 1998). The appellant submitted to this Court an EAJA application for attorney fees and expenses incurred both in this Court and in the Federal Circuit, and the Court filed it on August 10, 1998. The appellant's basis for asserting a lack of substantial justification in the underlying merits litigation was the Secretary's position taken **by the Board**. Application at 3. The Secretary filed a response, opposing an award of fees and expenses for the work done before the Federal Circuit. The appellant

5

filed a reply; he reiterated that it was at "the administrative level" (that is, at the Board) that the Secretary's position lacked substantial justification. Reply at 5. The application was submitted to a panel for decision, and on October 25, 1999, that panel granted the application in part, as to the fees and expenses incurred in this Court and denied the application in part, as to the fees and expenses for work done at the Federal Circuit. *Barrera v. West*, 13 Vet.App. 139, 140 (1999). The panel there held:

> By filing his application for EAJA fees at the Federal Circuit, the appellant invited severance of the matter of fees generated for the action before that court. Upon denying the appellant's EAJA application, the Federal Circuit implicitly recognized this Court's sua sponte dismissal of the appellant's appeal as a matter severable and separate from an appeal on the merits of his claim. *See* [*INS v.* ]*Jean*, [496 U.S. at 160-61;] *Calma*, [12 Vet.App. at 69-70]. The Federal Circuit effectively rendered judgment on the merits of the appellant's EAJA application with respect to his appeal of this Court's dismissal of his action, and the matter is *res judicata*. *See* BLACK'S LAW DICTIONARY 844 (6th ed. 1990) ("For res judicata purposes[, a judgment on the merits] is one which determines the rights and liabilities of the parties based on the ultimate fact" as disclosed by the issues presented.)

*Barrera*, 13 Vet.App. at 140. On November 10, 1999, the appellant filed a motion for panel reconsideration and, in the alternative, a motion for a decision by the full Court.[1]

### III. Discussion
#### A. Jurisdiction

This Court has jurisdiction to award reasonable attorney fees and expenses pursuant to 28 U.S.C. § 2412(d)(2)(F) as amended by section 506 of the Federal Courts Administration Act of 1992, Pub. L. No. 102-572, § 506, 106 Stat. 4506, 4513 (1992). The appellant's August 10, 1998, EAJA application was filed within the 30-day EAJA application period set forth in 28 U.S.C. § 2412(d)(1)(B) and satisfied any jurisdictional content requirements that apply, because the application contained the following: (1) A showing that, by virtue of the Court's remand, he is a prevailing party within the meaning of the EAJA; (2) a showing that he is a party eligible for an award under the EAJA because his net worth does not exceed $2,000,000; (3) an allegation that the position of the Secretary was not substantially justified; and (4) an itemized fee statement supported by an affidavit from the appellant's counsel. *See* 28 U.S.C. § 2412(d)(1)(A), (1)(B), (2)(B); *Fritz v. West*, 13 Vet.App. 190, 195 (1999); *Chesser v. West*, 11 Vet.App. 497, 499 (1998); *Bazalo v. Brown*, 9 Vet.App. 304, 308 (1996), *rev'd on other grounds sub nom. Bazalo v. West*, 150 F.3d 1380, 1384 (Fed. Cir. 1998) (concluding that showing of net worth not jurisdictional requirement).

---

[1] Initially, I note that the Court acted here without first formally disposing of the motion for panel reconsideration and without issuance of an order of the panel delineating its action and publication of that panel action, as required by the Court's Internal Operating Procedures (IOP) IV.(b) and VI.(a), 10 Vet.App. CDXXVI, CDXXVII. I also note that the Court acted here prior to my having voted in this matter. Neither was the full Court's order circulated for five working days as a proposed en banc order after the vote, as contemplated by the process set forth in IOP V.(a)(5), 10 Vet.App. at CDXXVII, nor was the order, as originally issued, published as required by that IOP's last sentence.

As to whether this Court has jurisdiction to consider EAJA fees and expenses for representation before the Federal Circuit, the panel opinion in this case did not address that issue. *But see Barrera*, 13 Vet.App. at 140-41 (Kramer, J., concurring) (concurring in result but stating that he would have held that "this Court was without jurisdiction to consider fees generated for work done in a reviewing court"). A close reading of relevant caselaw, however, supports the view that this Court does have jurisdiction to consider EAJA fees and expenses for representation in the Federal Circuit, and I would have so held in this case. *See PPG Indus. v. Celanese Polymer Specialties Co.*, 840 F.2d 1565, 1569 (Fed. Cir. 1988) (in reviewing an award of attorneys fees under 35 U.S.C. § 285, holding that jurisdiction to award attorney fees for appellate work was not exclusive domain of appellate court); *Oliveira v. United States*, 827 F.2d 735, 738-39 (Fed. Cir. 1987) (reversing lower court decision not to award legal expenses to appellant and remanding because lower court "committed an error of law by interpreting the EAJA as not allowing the recovery of expenses that ordinarily arise in the course of providing legal services" for representation before Federal Circuit as well as before lower court); *Hines v. Sec. of Dep't of HHS*, 26 C. Ct. 114, 116 (1992) (in affirming Special Master's award of attorney fees under 42 U.S.C. § 300aa-15(e), holding that *PPG Indus.*, *supra*, provided "sufficient authority for a special master to award attorney[] fees and costs for appeals to the Federal Circuit").[2]

In *PPG*, the Federal Circuit held that "the power to award attorney fees for appellate work is not the exclusive domain of an appellate court." *PPG Indus.*, *supra*; *see also Oliveira*, *supra*. Although applicable precedent indicates that this Court does have jurisdiction over the disputed portion of the application here, the fact that there is potential jurisdiction over the application in this Court as well as in the Federal Circuit implicates the question whether it is appropriate for this Court to exercise its jurisdiction. I believe that it is. *See Martin v. Heckler*, 754 F.2d 1262, 1265 n.6 (5th Cir. 1985) ("In some cases, applications for fees and expenses should be considered in the district court in the first instance. In others, we may consider them first."). As compared to the position of the Federal Circuit, this Court is better situated to evaluate the reasonableness of the Secretary's position here and to review the agency actions over which the Court has direct-review jurisdiction. Indeed, the limited nature of the Federal Circuit's substantial-justification holding in its September 24, 1997, order -- pertaining only to the Secretary's position before *that court* -- appears to support the above conclusion.

The Federal Circuit has stated that its Rule 20 (now Rule 47.7 of the Rules of the U.S. Court of Appeals for the Federal Circuit (Federal Circuit Rules)) "contemplates that when attorney fees and expenses are authorized in connection with an appeal, the *amount of the award* for such fees and expenses shall be determined by [that] court" because "[t]he Federal Circuit is in a better position than the board [there the Merit Systems Protection Board] to determine the amount of fees and

---

[2] In addition to the caselaw of the U.S. Court of Appeals for the Federal Circuit (Federal Circuit), there is caselaw in other circuits that supports the jurisdiction of a district court to award EAJA fees for representation on appeal to the court of appeals. *See Brinker v. Guiffrida*, 798 F.2d 661, 669 (3d Cir. 1986) (district court authorized to set EAJA fees for counsel's work in both district court and appellate court); *Atkins v. Apfel*, 154 F.3d 986, 989-90 (9th Cir. 1998) (implying that district court had jurisdiction to award fees for representation in appeal to U.S. Court of Appeals for the Ninth Circuit); *Sneede v. Coye*, 856 F. Supp. 526, 533 n.6 (N.D. Cal. 1994) (same).

expenses to be awarded in connection with the appeal to [that] court". *Gavette v. OPM*, 808 F.2d 1456, 1468 (Fed. Cir. 1986) (en banc) (emphasis added). Although the Federal Circuit might be in a better position to determine the amount (that is, the reasonableness) of a fee award, that court never reached that issue here. For the reasons that follow, this Court should have reached and decided that issue in its October 25, 1999, opinion in the absence of a command from the Federal Circuit to the contrary.

### B. Substantial Justification

When, as here, an EAJA application is timely filed and meets any applicable content requirements, this Court *is required* to award attorney fees "unless the [C]ourt finds that the position of the United States was substantially justified or that special circumstances make an award unjust". 28 U.S.C. § 2412(d)(1)(A); *Stillwell v. Brown*, 6 Vet.App. 291, 301 (1994). The appellant here has alleged, pursuant to 28 U.S.C. § 2412(d)(1)(B), that the Secretary's position at the administrative stage was not substantially justified. Application at 2. The Secretary, therefore, "has the burden of proving that [his] position was substantially justified in order to defeat the appellant's EAJA application". *Stillwell*, *supra*; *see also Locher v. Brown*, 9 Vet.App. 535, 537 (1996); *Felton v. Brown*, 7 Vet.App. 276, 279 (1994). The Secretary does not contest the appellant's allegation that the Secretary's position at the administrative stage was not substantially justified. He argues, however, that no fees and expenses should be awarded for representation before the Federal Circuit, and he bases that contention on the grounds that his litigation position before the Federal Circuit was substantially justified, that that court expressly so found, and that there are special circumstances that make it unjust to award those EAJA fees and expenses. Resp. at 5-6.

The portions of the EAJA pertinent to this inquiry provide:

(1)(A) Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

. . . .

(2)(D) "position of the United States" means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based . . .

28 U.S.C. §§ 2412(d)(1)(A), (2)(D). In applying subsection 2412(d)(1)(A) in the context of a civil action that encompassed multiple claims considered by federal courts at all levels, the Supreme Court concluded that "only one threshold determination [of substantial justification] for the entire civil action is to be made." *INS v. Jean*, 496 U.S. at 159; *see also Jean v. Nelson*, 863 F.2d at 763-

64. In *INS v. Jean*, the Supreme Court noted that there is a "complete absence of any textual support" for the position that the United States "may assert a 'substantial justification' defense at multiple stages of an action". *INS v. Jean*, 496 U.S. at 159-60; *see also Doty v. United* States, 71 F.3d 384, 386 (Fed. Cir. 1995); *Calma*, 12 Vet.App. 69. The Court notes, as has the Supreme Court, that "[s]ubsection (d)(1)(A) refers to an award of fees 'in any civil action' without any reference to separate parts of the litigation, such as discovery, requests, fees, or appeals." *INS v. Jean*, 496 U.S. at 159. Although "[a]ny given civil action can have numerous phases", the EAJA "favors treating a case as an inclusive whole, rather than as atomized line-items". *Id*. at 161[3]

Notwithstanding the Federal Circuit's September 1997 action in this case,[4] this Court has not acted in accordance with its own precedent. In *Calma*, we noted that there are two exceptions to *INS v. Jean*'s unitary civil litigation theory: (1) "[W]here the civil action involves distinct and severable claims, this Court has excluded from an EAJA award the time spent on such a totally severable claim where the Secretary has demonstrated that his position *was* substantially justified on the severable claim"; and (2) "time sought may be excluded for a 'second set of expenses [that] would have been every bit as necessary if the United States had never taken an unjustified position' on the merits." *Calma*, 12 Vet.App. at 69-70 (quoting *McDonald v. Washington*, 15 F.3d 1126, 1130-31 (D.C. Cir. 1994)). The Court in *Calma* noted that the appellant had argued "that, but for the Secretary's unjustified position on the merits at the administrative level, the appeal to this Court and the ensuing litigation on the jurisdictional question would have been unnecessary", and held:

In the instant matter, the jurisdictional issue raised unsuccessfully by the

---

[3] Based on the Federal Circuit's conclusion in *Doty v. United States*, 71 F.3d 384, 386 (Fed. Cir. 1995), that that court's "precedent is fully in accord" with the Supreme Court's holding in *Commissioner, INS v. Jean*, 496 U.S. 154, 159 (1990), it is unclear why the Federal Circuit in this case did not consider the EAJA application not yet ripe for review -- the appellant's as yet having obtained no relief on any matter on appeal to our Court from the BVA decision, only the right to seek such relief -- in view of the mandate of *Jean* that the question as to substantial justification should be analyzed in terms of "one threshold determination for the entire civil action." *INS v. Jean*, *supra*.

[4] Giving the applicant a second bite at obtaining EAJA fees for his representation in the Federal Circuit is admittedly somewhat problematic, especially considering that his allegation that the Secretary's position before this Court was not substantially justified was totally lacking in merit (to put it kindly). However, he sought those fees in 1997, long before he knew what the resolution of his case would be in this Court or whether or when he would be able to apply for EAJA fees here as a prevailing party and when this Court would rule on such an application. As it turned out, it was not until more than 13 months after the Federal Circuit's denial order that this Court granted the EAJA application in part. I am unable to find that the appellant's perhaps unwise decision to file in the Federal Circuit an EAJA application asserting that the "position of the government before the CVA . . . was not substantially justified" estopped him from seeking on an entirely different basis, part of his application to this Court -- that is, on the basis that the Secretary's position "at the administrative level", . . . not at the litigation level, lacked substantial justification -- fees for his representation before the Federal Circuit.

In the same vein, I am unable to conclude, as did the panel in its October 25, 1999, opinion, that the Federal Circuit's three-sentence September 24, 1997, order "implicitly recognized this Court's sua sponte dismissal . . . as a matter severable and separate from an appeal on the merits of his claim [and] effectively rendered judgment [adversely] on the merits of the appellant's EAJA application with respect to his appeal of [that] dismissal" to the Federal Circuit. *Barrera v. West*, 13 Vet.App. 139, 140 (1999). Such an inference is pure speculation.

Secretary was in no way a separate claim or matter severable from or unconnected with the underlying merits of the appellant's service-connection claims that were remanded by the Court. Indeed, demonstrating jurisdiction is a fundamental part of any appellant's obligation. *See McNutt v. G.M.A.C.*, 298 U.S. 178, 189 (1936); *Bethea v. Derwinski*, 2 Vet.App. 252, 255 (1992). ***Once the Secretary takes a position lacking justification at the administrative phase*** (or in the litigation phase), ***it is reasonable for EAJA fees to be paid for the litigation necessary to demonstrate the Court's jurisdiction over the ensuing appeal***. *Cf. Perry v. West*, 11 Vet.App. 319, 333 (1998) (distinguishing Court's having excluded in *Shaw*, 10 Vet.App. at 502, fees for litigation over fee agreement between appellant and counsel, from litigation in *Perry* over attorney disqualification issue that "bore directly upon the question of whether there would be an award of EAJA fees at all"). ***Because the circumstances that would warrant either of these potential exceptions are not present in this case and because the Secretary has conceded that his position at the administrative level was not substantially justified, the Court will grant the application in full.***

*Calma*, 12 Vet.App. at 68, 70 (emphasis added).

Just as in *Calma*, the Secretary's unreasonable position at the administrative stage in this case forced the appellant to pursue the civil action -- appeal to this Court. Contrary to the Secretary's contention, whether the Secretary challenged or the Court initiated consideration of the Court's jurisdiction and whether that matter was finally decided in this Court or the Federal Circuit should have no bearing on whether that jurisdictional matter should be included as part of the civil action; in either case, the Secretary's unreasonable ***administrative*** position (at the BVA) precipitated the need for the ensuing litigation of the jurisdictional matter. *See id*. at 70. Based on that analysis, I believe that the Court in this case has misread and misapplied *Calma* to support its conclusion that the jurisdictional matter argued before the Federal Circuit was severable under one of the exceptions to *INS v. Jean* that was set forth in *Calma*, 12 Vet.App. at 69-70. In that regard also, I note that the issue of severance was not before the Federal Circuit; the Federal Circuit simply considered, pursuant to 28 U.S.C. § 2412(d) and Federal Circuit Rule 47.7, the EAJA application that was presented for ***representation before that court***.[5]

Moreover, this Court's application of the doctrine of res judicata in this case was inappropriate in the context of *INS v. Jean*'s unitary EAJA litigation theory; whereas, it is the law-of-the-case doctrine that should apply, as the Secretary correctly pointed out (Resp. at 9). *See Chiu v. United States*, 948 F.2d 711, 717-18 (Fed. Cir. 1991); *see also United States v. Jones*, 125 F.3d 1418, 1426 (11th Cir. 1997); 18 James Wm. Moore et. al., *Moore's Federal Practice* (*Moore's*), ¶ 134.20[1] (3d ed. 1999) ("law of the case doctrine is concerned with the extent to which the law applied in decisions at various stages of the same litigation becomes the governing principle in later stages"). The U.S. Claims Court (now the U.S. Court of Federal Claims) has made a holding

---

[5] *See* discussion, *supra* note 4.

foursquare on point:

> This court agrees with defendant that the Federal Circuit's denial of plaintiffs' other EAJA application influences the instant disposition. . . . Here, law of the case, not res judicata, is the appropriate doctrine to consult since plaintiffs' EAJA application to the Federal Circuit "was but a further step in the litigation of the same case." *J.E.T.S., Inc. v. United States*, 838 F.2d 1196, 1199-1200 (Fed. Cir.), *cert. denied*, 486 U.S. 1057 . . . (1988).

*Seravalli v. United States*, 16 Cl. Ct. 424, 428 (1989).

Considering, then, the application of the law-of-the-case doctrine, this Court is bound thereunder only by those issues that have been decided previously in this case. *See Chiu* and *Jones*, both *supra*; *Moore's* ¶ 134.20[3]. As previously discussed, the severance issue was not before the Federal Circuit, and it thus did not decide whether severance of the jurisdictional issue was appropriate. The Federal Circuit did determine that the Secretary's litigation position before ***that court*** was substantially justified (and no one contends to the contrary), and this Court is bound by that determination. *See Chisem v. Brown*, 8 Vet.App. 374, 375 (1995) (quoting *Johnson (Anne) v. Brown*, 7 Vet.App. 25, 26 (1994) (per curiam order)); *Browder v. Brown*, 5 Vet.App. 268, 270 (1993). However, that determination is not dispositive of this Court's substantial-justification determination as to "the entire civil action", *INS v. Jean*, 496 U.S. at 159. Once this Court concluded -- as it must have, given the Secretary's abstention, and thus his implicit concession (given his burden of proof on this matter), on the reasonableness of his administrative position, *see West (Billy) v. West*, 13 Vet.App. 25, 28 (1999) -- that the Secretary had failed to meet his burden to show that his position at the administrative stage was substantially justified, consideration of the Secretary's litigation positions became no longer necessary.[6] The position of the Secretary not having been substantially justified, the Court should thus have found that an award of some amount of fees and expenses was warranted pursuant to 38 U.S.C. § 2412(d)(1)(A) for the representation provided in the Federal Circuit, and should then have proceeded to consider whether there were special circumstances that would make such an award unjust. Accordingly, the Court's inappropriate application of the doctrine of res judicata in this case was prejudicial to the appellant.

In response to the application on the matter of the contested fees and expenses, the Secretary argues that the Federal Circuit's determination "is the 'law of the case' and precludes [this Court] from entertaining the issue of an award of EAJA fees based upon the work described in [the EAJA application] filed with the Federal Circuit." Resp. at 9. However, the Federal Circuit made a determination only as to the substantial justification of the Secretary's litigation position before ***that court***. There is no indication whatsoever that the Federal Circuit considered the question of

---

[6] *See West (Billy)* v. West, 13 Vet.App. 25, 29 (1999); *Jackson v. West*, 12 Vet.App. 422, 429 (1999) (holding that consideration of litigation position was not required where Secretary's administrative position had been found to be not substantially justified and awarding fees based on finding that Secretary's position was not substantially justified at administrative stage); *ZP v. Brown*, 8 Vet.App. 303, 304 (1995) (same).

substantial justification as to the "totality of the circumstances" for the entire civil action. Although the Federal Circuit's determination as to substantial justification of the Secretary's position before *that court* is now the "law of the case" here, this Court's consideration of substantial justification necessarily encompasses the larger context of the entire civil action, including appeals and jurisdictional matters and "the action or failure to act by the agency upon which the civil action is based", 28 U.S.C. § 2412(d)(2)(D). *See INS v. Jean*, 496 U.S. at 159; *Calma*, 12 Vet.App. at 70; *Sneede v. Coye*, 856 F. Supp. 526, 532 n.4 (N.D. Cal. 1994); *see also Chisem*, *supra* (recognizing three exceptions to the law-of-the-case doctrine, one being "when the evidence at trial was substantially different from that in the former trial upon which the appellate court based its decision", and citing *Kori Corp. v. Wilco March Buggies and Draglines, Inc.*, 761 F.2d 649, 657 (Fed. Cir. 1985)). *But cf. Sneede*, 856 F. Supp. at 533 n.6.

Accordingly, even though the Secretary's position before the Federal Circuit was substantially justified, *see Barrera v. West*, U.S. Fed. Cir. No. 95-7045 (order filed on Sept. 24, 1997) (found at Secretary's Resp., Attach. 3), the Secretary has failed to carry his burden here to show that his position throughout the civil action and at the agency level was substantially justified. *See West (Billy)*, 13 Vet.App. at 28.

### C. Special Circumstances

Pursuant to subsection 2412(d)(1)(A), the Court may not grant an EAJA award to a party if "the court finds . . . that special circumstances made an award unjust." 38 U.S.C. § 2412(d)(1)(A). "'Special circumstances' is an affirmative defense as to which the government bears the burden of raising and demonstrating that such special circumstances militate against an EAJA award." *Chesser*, 11 Vet.App. at 502. This Court will find "special circumstances" where either (1) the Secretary has proffered "novel but credible extensions and interpretations of the law" or "situations 'where equitable considerations dictate an award should not be made'". *Ibid* (quoting *Doria v. Brown*, 8 Vet.App. 157, 162 (1995)). "Equitable considerations" has been interpreted predominantly to mean that the appellant has "unclean hands". *Chesser*, *supra* (quoting *Perry v. West*, 11 Vet.App. 319, 325 (1998)).

The Secretary does not contend here that the appellant has "unclean hands" but argues that "in light of equitable considerations, such fees should be excluded from any award made by the Court, particularly, [sic] where the Secretary did not initiate litigation on the jurisdictional issue, and where the Secretary's position in opposition was upheld and found substantially justified by a higher court." Resp. at 18. However, the national policy underlying the EAJA, to encourage the representation of persons with claims against the United States, runs counter to that equity argument in a case where without the Secretary's original unreasonable conduct at the administrative stage, the appellant would not have had to file this appeal in the first place. *See* S. Rep. No. 102-342, at 39-40 (1992) ("objective of EAJA is to eliminate financial deterrents to individuals attempting to defend themselves against unjustified Government action"); H.R. Rep. No. 102-1006, at 25 (1992) (same), *reprinted in* 1992 U.S.C.C.A.N. 3921, 3934; *see also INS v. Jean*, 496 U.S. at 165 n.14 (noting that EAJA was intended to benefit an individual "for whom cost may be a deterrent to vindicating their rights" and that "a party who chooses to litigate an issue against the Government is not only

representing his or her own vested interest but is also refining and formulating public policy" (quoting H.R. Rep. No. 96-1418, at 12 (1980))); *Gavette*, 808 F.2d at 1459-60. I thus would have found that the Secretary's "special circumstances" defense was also unavailing. *See Chesser* and *Doria*, both *supra*.

## D. Reasonableness of Fees and Expenses

Once the Court has determined that EAJA fees and expenses are to be awarded, it must then determine what amount is "reasonable" in the case. *See* 38 U.S.C. § 2412(d)(2)(A); *Perry*, 11 Vet.App. at 327. As noted above, the Federal Circuit may be in the better position to determine the amount of fees to be awarded for work done in that court. However, the Federal Circuit never reached that issue, and I would therefore have proceeded to determine at this stage the reasonableness of the fees claimed for the work done there, which was essential to the appellant's success in this Court in overturning the Secretary's error at the administrative level.

The Secretary asserts that his request for a reduction of the amount to be awarded (that is, the exclusion of the $11,849.42) may also be properly taken into account by the Court in its consideration of the reasonableness of the requested fees and expenses because the Court has considerable discretion in that area. Resp. at 18. Whether this issue is considered in the "special circumstances" or "reasonable fees and expenses" context matters not. The Secretary's argument fails in either case, and he has not otherwise contested the reasonableness of the $11,849.42 requested by the appellant for the representation in the Federal Circuit. For all of the preceding reasons, the Court should have awarded the appellant's application for EAJA fees and expenses in full. *See Chesser*, 11 Vet.App. at 501-02 (holding that Court will generally grant requested amount of EAJA fees "where the hours claimed are not (1) unreasonable on their face, (2) otherwise contraindicated by the factors itemized in *Hensley[ v. Eckerhart]*, 461 U.S. [424,] 430 n.3 [(1983)], or *Ussery*[ *v. Brown*, 10 Vet.App. 51, 54 (1997)], for measuring reasonableness, or (3) persuasively opposed by the Secretary").

## E. Concurring Statement

The concurring statement of my colleague, Judge Kramer, has a certain logical appeal. Upon close scrutiny, however, its conceptual underpinnings crumble. As to the conceptual point that this Court is not well situated to rule on fees for representation before the Federal Circuit, the concurring statement offers no suggestion as to how such a fee application could be adjudicated in such a way as to avoid "'a second major litigation'". *INS v. Jean*, 496 U.S. at 163 (quoting *Hensley*, 461 U.S. at 437). Would my concurring colleague, for example, have an EAJA application be made first to this Court in order for us to make a determination as to substantial justification at the administrative (BVA) stage and at the litigation stage in this Court, and then, if this Court were to find a lack of substantial justification at either stage, have the appellant apply to the Federal Circuit for it to determine the reasonableness of fees and expenses for the representation provided there? If not, how

would the process he envisions work?[7] If so, there would be two EAJA application litigations, and there would appear to be a significant risk that such an application to the Federal Circuit would run afoul of the jurisdictional filing deadline. *See Bazalo*, 150 F.3d at 1383 (citing *J.M.T. Mach. Co. v. United States*, 826 F.2d 1042, 1047 (Fed. Cir. 1987)). What then? In sum, while presenting the illusion of proposing a simplified process, the concurring statement would in reality only add complexity. There is no easy answer here.

### IV. Conclusion

In view of the foregoing discussion, I believe that the matters involved are of exceptional importance and should be dealt with by the full Court, and that the panel opinion here was in error in partially denying the EAJA fees and expenses sought -- those for representation in the Federal Circuit.

---

[7] The concurring statement (in its penultimate paragraph) apparently envisions that an EAJA application should have been filed in the Federal Circuit, rather than in this Court, at the end of the merits litigation (before the expiration of 30 days following issuance of our Court's final judgment). *See* 38 U.S.C. § 2412(d)(1)(B); U.S. VET. APP. R. 39(a). That clearly would not work because the Federal Circuit ceased to have any jurisdiction over this case in approximately October 1997 after it issued mandate on its jurisdictional reversal on October 1, 1997. Any EAJA application would thus have been untimely unless submitted to the Federal Circuit within 30 days after *its* final judgment was entered -- at a time when no merits adjudication had occurred on the matters appealed to us and at a time when it would have been impossible to determine if the appellant was a prevailing party, and whether the amount claimed was reasonable, in terms of the civil litigation outcome, a matter that was then unknown -- and, if submitted there after that point, would not only have been jurisdictionally invalid under the EAJA, 28 U.S.C. § 2412(1)(B), but would also have been filed when jurisdiction was back in *this* Court and no longer in the Federal Circuit.

In its last paragraph, the concurrence shifts ground and appears to contemplate an EAJA application filed within 30 days after the Federal Circuit's final judgment on *its* reversal opinion, and asserts that the appellant would be a prevailing party there under precedent providing that the appellant must have achieved success "on any significant issue in litigation which achieve[d] some of the benefit . . . sought in bringing suit", quoting *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993) (quoting *Texas State Teachers Assn. v. Garland Independent School Dist.*, 489 U.S. 782, 791-92 (1989)). It requires little analysis to see that with his win in the Federal Circuit the appellant had not yet achieved *any* of the benefit that he had sought in appealing the BVA decision to our Court. Some of that benefit came only after our Court exercised jurisdiction and remanded the case to the Board.

14

*Designated for electronic publication only*

## UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 90-1496

Jesus A. Barrera,                                                       Appellant,

v.

Togo D. West, Jr.,
Secretary of Veterans Affairs,                                          Appellee.


Before NEBEKER, *Chief Judge,* and KRAMER, FARLEY,
HOLDAWAY, IVERS, STEINBERG, and GREENE, *Judges.*

### O R D E R

A corrected copy of the full Court's February 25, 2000, per curiam order, with concurrence by Judge Kramer and dissent by Judge Steinberg, was issued today and designated for publication in the *Veterans Appeals Reporter.* It is

ORDERED that the Court's March 7, 2000, order, having been rendered moot, is revoked.

DATED: March 31, 2000                              FOR THE COURT:


                                                   ROBERT F. COMEAU
                                                   Clerk of the Court

Copies to:

Kenneth M. Carpenter, Esq.
P.O. Box 2099
Topeka, KS 66601-2099

General Counsel (027)
Department of Veterans Affairs
810 Vermont Avenue, NW
Washington, DC 20420